Summers, C. J.
Section 6478, Revised Statutes, reads as follows:
“Suits may be brought before a justice of the peace against any railroad company, in the township in which the president of the company may reside, or in any township into or through which the road owned or leased by said company may be located, whether such company be foreign or created under the laws of this state, and whether the charter thereof prescribes the place where suit must be brought against it, or the manner or place of service of process thereon.”
Counsel for the railway company contend that-this section fixes the venue of actions against railway companies before justices of the peace, and that an attachment can not be levied excepting in such cases. In other words, that the jurisdiction in attachment against a railway corporation can not be acquired before a justice of the peace unless the president of the company resides in the township of the justice, or the road owned or leased by the company is located in such township.
Proceedings in attachment originated in the necessity of providing tradesmen a means of satisfying their debts from the property of debtors, whom they could not serve with process, and it would be a strange omission in our statutes if, as to railroad companies, a writ of attachment is provided only in cases where it is least likely to be needed.
Prior to the adoption of the justices’ civil code in 1853, the writ of attachment in proceedings in attachment before justices of the peace was not ancillary to the original process; no summons *389 issued, but notice of the taking out of the writ was given by posting and by advertisement in a newspaper. The only grounds for the writ were that the debtor had absconded or was a non-resident of the county. It was not contemplated that service of summons could be made, and notice could be just as well given by publication of the writ as of the summons. Swan’s Statutes (1841), 79.
It follows that the provisions of Section 6478, Revised Statutes, when originally enacted in 1850 (2 Cur wen, chapter 996), were not intended to, and could not áffect proceedings in attachment.
This is made still more evident by reference to an act passed at the same session of the legislature (2 Curwen, chapter 965), by which it was provided fhat if any creditor shall make oath that any foreign corporation (incorporated by the law of any other of the United States), is his debtor, and shall file the same with a justice of the peace, he “shall be entitled to the like remedy, process and proceedings in all respects against such corporation, as are provided by the said acts respectively (or any acts amendatory thereof), against absconding or non-resident debtors.”
The purpose of the statute fixing the venue of actions against railway corporations before justices of the peace was not to limit the jurisdiction of justices in such cases, but to facilitate the bringing of the railway company into court, by providing' that it might be sued in the township in which the president of the company resided, or in which its principal office was located, or into or through which the road of the company was located, and prescribing a mode of service of summons.
*390 This statute (6478) was not made a part of the justices’ civil code, adopted in 1853 (51 Ohio Laws, 179), but first appeared as part of that code in the Revised Statutes of 1880, and its' appearance there does not indicate any intention to change the operation of the statutes.
The act enacting the justices’ civil code repealed the attachment statutes, to which reference has been made, but carried those provisions into the code, and there is nothing to indicate a change, unless it be that the making of the writ ancillary instead of the original process was so intended.. Section 6496, Revised Statutes, reads: “If the order of attachment is made to accompany the summons, a copy thereof and the summons shall be served upon the defendant in the usual manner for the service of a summons, if the same can be done within the county; and when any property of the defendant has been taken under the order of attachment, and it shall appear that the summons issued in the action has not been, and can not be sérved on the defendant in the county, in the manner prescribed by law, the justice of the peace shall continue the cause for a period not less than forty, nor more than sixty days; whereupon the plaintiff shall proceed for three consecutive weeks to publish in some newspaper printed in the county, or if none are [is] printed therein, then in some 'newspaper of general circulation in said county, a notice, stating the names of the parties, the time when, by what justice of the peace, and for what sum said order was issued, and shall make proof of such publication to the justice; and, thereupon, *391 said action shall be proceeded with, the same as if said summons had been duly served.”
This provides substantially the same manner of giving notice, when service can not be made within the county, as was provided when the writ of attachment was the original process, and there is nothing in the code making necessary the implication that the legislature intended to' narrow the jurisdiction of justices of the peace in attachment respecting railway corporations. The evident intention was, as respects railway corporations as well as other defendants, that service should be made by publication when a summons could not be served in the county.
The case of Arial M. North, v. The Cleveland & Mahoning Railroad Company, 10 Ohio St., 548, cited in support of the contention of' counsel for plaintiff in error, does not appear to be a case in attachment.
A conclusion similar to that in the present case was reached in Herndon v. Givens, 16 Ala., 261. Collier, C. J., says: “The act of 1807 enacts, that ‘no freeholder of this state shall be sued out of the county of his permanent residence, provided the same be within this state, unless it be in the actions enumerated in the last section; nor shall any person, who may reside in this state, be held to bail, if sued out of the district or county of his residence and freehold/ Clay/s Dig., 342, Section 163. This enactment does not apply to suits commenced by attachment, but only to those instituted in the ordinary mode of process against the person of the defendant. The attachment is an extraordinary remedy, justified by the exigency *392 of the case, and supposes that the seizure of the defendant’s property by the initiatory process is most probably essential to the recovery of the plaintiff’s demand. If the creditor was always compelled to sue it out in the county in which the debtor may be a ‘freeholder’ and have a ‘permanent residence,’ it would sometimes be ineffectual, and the debt might be lost. Thus, where the freehold was of much less value than the amount of the debt, or was encumbered, and the creditor might meet the debtor in another county removing all his personal estate beyond the limits of the state: if the creditor in such case were required to sue his attachment in the county of the debtor’s residence, before it could be levied, the latter might transfer his property to another jurisdiction. We cannot think the legislature ever contemplated á restriction of the remedy by the act cited. This conclusion is indicated not only by the liberal extension of the attachment law, but also by the terms of the act, which seem to refer to process against the defendant himself, and not against his estate.”
In Atkinson v. Wiggins, 69 Ala., 190, it is held: “Section 3606 of the Code of 1876 requiring suits before justices of the peace to be brought in the precinct of the defendant’s permanent residence, or in the precinct in which the debt was created, or in which the cause of action arose, is confined in its operation to suits commenced by summons, and has no reference to suits by attachment of goods, which are in their nature proceedings in rem.”
*393 And in McPhillips v. Hubbard, 97 Ala., 512, it is held: “Section 2640 of the Code, requiring that suits on contracts must be brought in the county in which the defendant or one of the defendants reside, if he have a permanent residence .in the state, does not apply to suits commenced by attachment although it is served by summoning a garnishee.”
The judgment is affirmed.

Judgment affirmed.

Crew, Spear, Davis, Spiauck and Price, JJ., concur.