## HOPPER, GARNISHEE, v. TODD.

1. A garnishment to obtain satisfaction of a judgment, must issue out of the Court in which the judgment was rendered; therefore, a garnishment cannot issue out of the County Court, when the judgment was rendered in the Orphans' Court.

Error to the County Court of Montgomery.

This was a proceeding in the County Court of Montgomery, by the plaintiff in error, who, by the oath of a credible person, made affidavit before the Clerk of the County Court, that she had recovered a judgment in the Orphans' Court of Montgomery county, of one Anderson Thomas, that he had no property within affiant's knowledge to satisfy the judgment, &c., and that the plaintiff in error was indebted to him. Thereupon a writ of garnishment issued, returnable to the next term of the County Court.

The garnishee appeared, and pleaded to the jurisdiction of the Court, to which the plaintiff demurred, and the Court sustained the demurrer. The garnishee then moved to quash the garnishment, which motion the Court overruled, and the garnishee answering, and admitting an indebtedness to the defendant, of five hundred dollars, the Court rendered a judgment against him, for that amount from which this writ is prosecuted.

ELMORE, for the plaintiff in error.

HAYNE, contra, contended, that the act of 1823, Clay's Dig. 260, § 3, intended to confer this jurisdiction, on any Court of record, without regard to the Court in which the judgment was rendered.

ORMOND, J.—The act of 1818, Clay's Dig. 259, § 2, and that of 1823, ib. 260, § 3, to enable a judgment creditor to garnishee a debtor of the defendant to the judgment, have precisely the same object in view. The precise object of the last act, was to enable the party to make the affidavit before the clerk, either

in term time or vacation, whilst by the former act, it could only be made in Court. No other change of the law was intended, or accomplished by it.

That the garnishment must be returnable into the Court which rendered the judgment, is clear, from the terms of the act, and such has been the uniform construction put upon it in this Court. The garnishment, is merely auxilliary to the judgment, to obtain satisfaction. In Blair v. Rhodes, 5 Ala. Rep. 648, it was considered "a consequential suit, in which the plaintiff seeks to render some third person liable to the payment of his judgment," and in that case it was held, that the record of the judgment in the original suit, might be sent up, to sustain the judgment upon the garnishment.

The County Court proper, having no jurisdiction, its judgment must be reversed.