## MORRIS *vs.* RUSSELL.

1. When a suit is pending in one county, and a summons of garnishment arising out of it is sued out and sent to another county, and is returned executed by the sheriff of the latter county, and a judgment *nisi* is afterwards taken against the garnishee for failing to appear and answer, to authorize a judgment final against such garnishee the writ of *scire facias*, issuing on the judgment *nisi*, must be sent to the county in which the garnishment was served, or in which the garnishee resides, and be returned by the sheriff of that county.

ERROR to the Circuit Court of Macon.

Tried before the Hon. Geo. W. Stone.

This was a proceeding by garnishment in favor of the defendant in error against the plaintiff in error in the court be-

low. The summons of garnishment was executed upon the plaintiff in error in Mobile county, and the attachment suit out of which it grew was pending in the Circuit Court of Macon county. The garnishee failed to appear and answer, and judgment *nisi* was rendered against him. On this judgment, a first and second writ of *scire facias* was issued to the sheriff of Macon county, and each being returned *nihil*, the court rendered judgment final against the plaintiff in error.

From this judgment a writ of error is prosecuted to this court, and its rendition upon the two writs of *sci. fa.* returned *nihil* by the sheriff of Macon, is assigned for error.

SEARORN WILLIAMS, for plaintiff in error.

G. W. GUNN, *contra*.

LIGON, J.—In the case of Wood v. Russell, at the present term, the precise point arising in this case was presented, and we held, that, where a suit is pending in one county, and a summons of garnishment arising out of it is sued out, and sent to another county, by the sheriff of which it is returned executed, and a judgment *nisi* is taken against the garnishee for failing to appear and answer; the writ of *scire facias*, issuing on such judgment *nisi*, must be sent to and returned by the sheriff of the county in which the process of garnishment was served, or in which the garnishee resides, in order to sustain a judgment final against such garnishee.

Such is not the case here, and the judgment is reversed, and the cause remanded.