## WOOD *vs.* RUSSELL.

1. When a judgment *nisi* is rendered against a garnishee for failing to appear and answer, a final judgment cannot be rendered against him, until a *scire facias* is duly "executed and returned" by the sheriff of the county in which he resides, or in which he was summoned.

ERROR to the Circuit Court of Macon.

Tried before the Hon. GEO. W. STONE.

The defendant in error commenced a suit by attachment against one Joseph Wood, in the Circuit Court of Macon, and the plaintiff in error was summoned as a garnishee. The writ of garnishment was sent to the county of Mobile, and was there served upon the garnishee, as appears by the return of the sheriff of that county. A judgment *nisi* was rendered against the garnishee for failing to appear and answer, upon which writs of *scire facias* were issued to the sheriff of Macon county; and after two returns by him of "not found," judgment final was rendered against the garnishee.

The writ of error is sued out to reverse this judgment; and it is assigned for error, that the *scire facias* went only to the sheriff of Macon, and was by him returned "*nihil,*" when the return of the summons of garnishment shows that the plaintiff in error resided or was found in the county of Mobile.

SEABORN WILLIAMS, for plaintiff in error.

GEO. W. GUNN, *contra.*

LIGON, J.—In the case of Hall v. The State, 15 Ala. 431, it was held, that when two writs of *scire facias* on a forfeited recognizance are returned "*nihil,*" by the sheriff of the county in which the recognizance was entered into, it is equivalent to service; but two such returns by the sheriff of a different county, will not have the same effect. It is true, this decision is based on the requirements of the twenty-fifth section of the eighth chapter of the Penal Code, (Clay's Dig. 442 § 25;)

but the statute only prescribes what the rule of practice, arising from the separate and independent jurisdiction of the courts of the several counties in the State, would seem to demand. Each county has its own executive officer, who alone is authorized to serve process within its limits; and the resident of one county, who is a freeholder, is not to be sued in a county different from that in which he resides, except in particular cases, and particular modes of proceeding. Clay's Digest 342 § 163.

The summons of garnishment may go to any county in the State; but if the garnishee is thus sought and found by the plaintiff in attachment, in a distant county, and he fail to appear and answer, thus subjecting himself to a judgment *nisi*, he is not liable to judgment final, until *scire facias* shall be duly "executed and returned" by the sheriff of the county in which he resides, or in which he was summoned as garnishee. Grimke v. Marant, 2 Brevard 202; Woodfork v. Broomfield, 1 Murph. 187; Rice v. Talmadge, 20 Verm. 378.

In this case, the summons of garnishment was served on the plaintiff in error in Mobile county, and the writs of *scire facias* are returned "*nihil*" by the sheriff of Macon county. This cannot be regarded such due execution and return, as is required by law, (Clay's Digest 59 § 20;) and consequently will not support the judgment final in the court below.

Let the judgment be reversed, and the cause remanded.

NOTE.—This opinion was delivered at the January term, 1852, but by accident did not come to the hands of the reporter.