# McPhillips *v.* Hubbard.

*Attachment.*

1.   *Venue in attachment levied by summoning garnishee.*—Section 2640
of the Code, requiring that suits on contracts must be brought in the
county in which the defendant or one of the defendants reside, if he
have a permanent residence in the State, does not apply to suits com-
menced by attachment although it is served by summoning a gar-
nishee.

APPEAL from the City Court of Montgomery.

Tried before Hon. THOMAS M. ARRINGTON.

This suit was commenced in the City Court of Montgom-
ery by attachment sued out by James McPhillips against
Joseph Hubbard, which was levied by summoning the Louis-
ville and Nashville Railroad Company as garnishee.   The
defendant filed a plea in abatement alleging that at the com-
mencement of the suit he had a permanent residence in Es-
cambia county, Alabama.   The plaintiff demurred to the plea
because it was shown that the suit was commenced by at-

[McPhillips v. Hubbard.].

tachment which demurrer was overruled by the court, and the plaintiff filed a replication that the suit was commenced by attachment and not by summons and complaint, to which defendant demurred.

This demurrer was sustained and the plaintiff declining to plead further, judgment was rendered for the defendant.

RICHARDSON & REESE, for appellant, cited *Herndon v. Given,* 16 Ala. 261; *Atkinson v. Wiggins,* 69 Ala. 190; *Home Co. v. Richards,* 74 Ala. 466.

E. P. MORRISSETTE, for appellee.

McCLELLAN, J.—It has been long and uniformly held that actions commenced by attachment are not within the requirement of section 2640 of the Code to the effect that suits on contracts "must be brought in the county in which the defendant, or one of the defendants, resides, if such defendant has within the State a permanent residence," but that such actions may be instituted in any county in which a levy may be made.—*Herndon v. Givens,* 16 Ala. 261; *Atkinson v. Wiggins,* 69 Ala. 190; *Home Protection Ins. Co. v. Richards & Sons,* 74 Ala. 468.

The reason upon which this rule was based by Chief Justice COLLIER in *Herndon v. Givens, supra,* was that if the creditor was always compelled to sue out the writ in the county of defendant's freehold—permanent residence now—it would sometimes be ineffectual and the debt might be lost. "Thus," he says, "where the freehold was of much less value than the amount of the debt, or was encumbered, and the creditor might meet the debtor in another county removing all his personal estate beyond the limits of the State; if the creditor in such case were required to sue his attachment in the county of the debtor's residence before it could be levied, the latter might transfer his property to another jurisdiction." This reason applies as well to-day as it did in 1849, when that case was decided, and as well to attachments levied by summons in garnishment as to those levied on tangible property of the defendant, since the creditor might find his debtor's debtor in the act of leaving the State away from the county of his debtor's residence.

Moreover, a summons in garnishment is one of the recognized modes of levying attachments. It is conceded in this case that an attachment to be levied on property may be sued out in a county other than that of defendant's residence, and that such levy is the commencement of suit for all pur-

33–97.

[Louisville & Nashville R. R. Co. v. Touart.]

poses.  But it is insisted that the levy of such attachment by garnishment should not be accorded that effect nor be a basis for a personal judgment.  This would be to declare and enforce a distinction which the law does not authorize.  Of course, unless a personal judgment could be entered in such case, no judgment at all could be entered, and the whole proceeding, if the defendant chose, as certainly he would, not to appear, would be nugatory since the debt in garnishment could not be subjected to plaintiff's claim against the defendant until that claim itself had been reduced to judgment.

We see no reason for departing in this case from the rule established in the cases cited above ; and reaffirming those cases, and applying the rule to attachments levied by summons in garnishment, we must hold that the court below erred in overruling plaintiff's demurrer to the plea in abatement and in sustaining defendant's demurrer to the replication to said plea.

Reversed and remanded.