# First National Bank of Gadsden v. Dunn *et al.*

*Motion to dissolve Writ of Garnishment.*

1. *Garnishment proceedings; clerk of city court cannot issue writ on judgment recovered in circuit court.*—A clerk of a city court has no authority to issue a writ of garnishment, returnable to the city court, upon a judgment previously recovered in the circuit court of the county; the city court having no jurisdiction of the subject matter.

APPEAL from City Court of Gadsden.
Tried before the Hon. JOHN H. DISQUE.

This is an appeal from a judgment of the city court dissolving a writ of garnishment. On April 2, 1891, the First National Bank of Gadsden recovered a judgment in the circuit court of Etowah county against F. C. Dunn and J. G. Thompson. On January 13, 1893, the said plaintiffs sued out a garnishment in the city court of Gadsden upon said judgment obtained in the circuit court, and garnished the First National Bank of Birmingham. The defendant then made a motion to dissolve the writ of garnishment issued by the clerk of the city court on the grounds: 1st. That the said garnishment was based on a judgment recovered in the circuit court of Etowah county. 2d. That the said court had no jurisdiction of said garnishment, for the reason, that the said city court could not lawfully entertain a

garnishment based upon a judgment rendered in the circuit court. Upon the hearing of this motion the court granted the same, dissolved the writ of garnishment, and rendered judgment against the plaintiff for costs.

JAMES L. TANNER, for appellant, cited Wade on Attach. 2 Vol., § 493, *Calhoun v. Little*, 56 Ala. 142; *Montgomery Gas Light Co. v. Merrick & Sons*, 61 Ala 636; *Witherspoon v. Barber*, 3 Stew. 335; *Moore v. Stainton*, 22 Ala. 832; *Carroll v. Milner & Kettig*, 93 Ala. 301, 9 So. Rep. 221; *Griel v. Loftin*, 65 Ala. 592,

AMOS E. GOODHUE, *contra*, cited *Thompson v. Lea*, 28 Ala. 453; *Goodman v. Winter*, 64 Ala. 410; *Little v. Fitts*, 33 Ala. 343.

COLEMAN, J.—The appellant, having recovered a judgment against J. G. Thompson and F. C. Dunn in the circuit court of Etowah county, sued out process of garnishment on the judgment before the clerk of the city court of Gadsden, returnable to the city court. At the hearing the city court dismissed the garnishment suit. The question presented is, whether the clerk of the city court of Gadsden was authorized to issue the garnishment returnable to the city court.

Garnishment proceedings depend wholly upon authority conferred by statute, and must be commenced and prosecuted as therein provided. Section 2971 of the Code is as follows : "Process of garnishment may issue on a judgment, or decree on which execution can issue without bond or security, and may be sued out by the assignee of such judgment or decree." Clearly this section only provides for the issuance of garnishment process upon a judgment, but is entirely silent as to who shall issue the summons in garnishment, and recourse must be had to the law as it existed prior to the adoption of this statute, and to other existing statutes regulating suits in garnishment. Section 2971 of the Code, *supra*, was substituted for section 3218 of the Code of 1876. Under section 3218 of the Code of 1876 the judgment creditor was required to make the necessary affidavit before the clerk of the court in which his judgment was recovered, and the clerk was the only officer author-

ized to issue the process.  By act of 1882-83, (Sess. Acts, p. 6), section 3218 of the Code of 1876 was amended so as to authorize the making of the affidavit "before any officer authorized to administer oaths," but the amendment did not authorize any officer to issue process, other than the clerk of the court in which the judgment was rendered.  Section 3219 of the Code of 1876 was not brought forward into the Code of 1886, but this section (3219 of the Code of 1876) was amended by act of the legislature of December 9, 1886, (Acts of 1886-87, p. 141, note in Code of 1886, p. 652), and as amended is in force. The amendment has no influence upon the question under consideration.  Under this section (3219) and as amended it is provided that "A creditor  *  *  may obtain garnishment against any person,  *  *  when a summons and complaint have issued, by making affidavit before the justice of the peace or clerk of the court to which the summons is returnable, or any person authorized to administer oaths,  *  *  *  thereupon the justice of the peace or clerk of the court must issue process of garnishment," &c.

The act of the legislature of December.9, 1886, *supra*, and section 3219, provide for the issue of garnishments where a summons or summons and complaint have issued, and evidently refer to a garnishment in aid of a pending suit and before judgment has been rendered, and not to a garnishment upon a judgment.  An examination of this statute, and others authorizing garnishment in aid of a pending suit will show that no officer, other than an officer of the court in which the suit is brought, is authorized to issue the process of garnishment.

Sections 3218 and 3219 of the Code of 1876 together comprised section 2892 of the Code of 1867, and a reading of this section very clearly shows, that garnishment process upon a judgment, or garnishment process, "when a summons or summons and complaint have issued," could be issued only by the clerk of the court in which the judgment was rendered, or the suit against the original debtor was brought; and this is also the law, where an attachment is executed by summoning a garnishee, unless specially otherwise provided.  If the plaintiff had brought suit in the city court upon his judgment recovered in the circuit court, the garnishment would have been regular, but the attempt in the case at bar is to

[Sorrell et al. v. Vance & Kirby.]

maintain a garnishment suit in the city court not in aid
of a pending suit in that court, but upon a judgment
rendered and in force in another court.    It is true that a
proceeding by garnishment is essentially a new suit in
which the creditor is plaintiff and the garnishee is de-
fendant, and in which the original debtor has no right to
intervene except to contest the answer of the garnishee,
if he sees proper ; it is also essentially an auxiliary pro-
ceeding, and of consequential character,—a remedy given
by statute to the plaintiff against a third person,—but
the statute does not authorize the enforcement of the
remedy in a court which has no jurisdiction over the
debt itself.   A suit upon the judgment in a court differ-
ent from that in which it was rendered, gives the court
jurisdiction of the debt, and authorizes process of gar-
nishment in that court.—*Blair v. Rhodes*, 5 Ala. 648 ;
*Jones v. Kolisenski*, 11 Ala. 608 ; *Jackson v. Shipman*,
28 Ala. 488 ; *Skipper v. Foster*, 29 Ala. 330 ; *Cross v. Spil-
man*, 93 Ala. 170;  *Gatchell v. Foster*, 94 Ala. 622.

There is no question of estoppel in this case.  The city
court did not have jurisdiction of  the  subject matter.—
*Little v. Fitts*, 33 Ala. 343.

Affirmed.