# SIMPSON COAL & TRANSFER CO. v. HOOD     175

(215 Ala.)

Thrash v. Bennett, 57 Ala. 156; Ex parte Hurn, 92 Ala. 102, 9 So. 515, 13 L. R. A. 120, 25 Am. St. Rep. 23; In re State ex rel. Atty. Gen., 179 Ala. 639, 60 So. 285; 24 R. C. L. 708; 18 Ann. Cas. 819, note; 35 Cyc. 1266. Where the court sustains objection to improper argument, and charges the jury that it is improper, and the attorney apologizes, and no exception is reserved, nothing is presented for review. Cutcliff v. B. R., L. & P. Co., 148 Ala. 108, 41 So. 873; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543. Where only a part of a statement is improper, the overruling of an objection to the whole is correct. Nashville, C. & St. L. R. Co. v. Crosby, 183 Ala. 237, 62 So. 889. Improper statement by counsel in answer to one equally objectionable is not reversible error. Hines v. Paden, 204 Ala. 592, 87 So. 88. The affirmative charge requested by defendant was properly refused. Penticost v. Massey, 202 Ala. 681, 81 So. 637; Shipp v. Shelton, 195 Ala. 658, 69 So. 102.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

---

(110 So. 149)

## SIMPSON COAL & TRANSFER CO. v. HOOD. (6 Div. 732.)

(Supreme Court of Alabama. Nov. 4, 1926.)

1. Garnishment ⚹⚹33—Plaintiff held not entitled to judgment against garnishee, advancing to defendant less than amount limited by contract in excess of accrued commissions until last month of employment as sales agent.

Plaintiff was not entitled to judgment against garnishee, where latter's advances to defendant as sales agent exceeded commissions accruing on sales at end of each month of employment since service of garnishment by less than amount limited by contract, except for last month, after which no commissions were earned.

2. Garnishment ⚹⚹33—Sales agent's commissions after garnishment of employer held applicable to later advances.

Commissions accruing to sales agent after garnishment of employer held applicable to advances made thereafter pursuant to contract, under which parties had right to continue operations pending garnishment.

3. Garnishment ⚹⚹180—Oral answer in garnishment suit against corporation on judgment against its president, who was sales agent on commission basis, held not to show collusion and fraud warranting judgment for plaintiff.

In garnishment suit, on judgment against garnishee's sales agent, oral answer disclosing that he was garnishee corporation's president and subscribed for but paid nothing on small block of stock, and had no salary or income as president, his whole compensation arising from commissions on sales, and that secretary and treasurer, who, with his wife, owned 91 per cent. of stock, managed business, held not

⚹⚹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to show such collusion and fraud as to warrant judgment for plaintiff.

**4. Garnishment ⛀148.**

In absence of contest, garnishee's oral answer must be taken as true.

**5. Garnishment ⛀116.**

Defendant's presidency of garnishee corporation did not, per se, infect with fraud his contract as its sales agent on commission with limited drawing account.

**6. Garnishment ⛀116.**

Mere agreement to work on advance pay or drawing account basis is not fraudulent as to garnishing creditors.

**7. Garnishment ⛀13.**

Garnishment is process to reach debtor's estate, and third persons owe creditors no duty to aid in accumulating estate.

**8. Garnishment ⛀116—Employee under contract calling for pay in advance is employer's debtor, and his garnishing creditor stands on no higher ground.**

One employed on contract calling for pay in advance becomes employer's debtor, and his creditor stands on no higher ground, so long as parties live within contract and no cause of action in assumpsit accrues to debtor.

**9. Garnishment ⛀41.**

Debtor's legal and moral duty to pay gives creditor no property right in debtor's services, and employers are not required to contract on basis of such right.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Garnishment suit by J. A. Hood against Emory Simpson, defendant, and the Simpson Coal & Transfer Company, garnishee. From a judgment for plaintiff, the garnishee appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and rendered.

James H. Willis, of Birmingham, for appellant.

The oral answer of the garnishee must be taken as true, and judgment cannot be rendered thereon, unless there is a direct admission of a legal debt due the defendant. Jefferson County Sav. Bank v. Nathan, 138 Ala. 342, 35 So. 355; White v. Kahn, 103 Ala. 308, 15 So. 595; Packard Motors Co. v. Tally, 212 Ala. 487, 103 So. 455. The provision of the statute does not reach future installments of wages under a contract that may be terminated at the will of the employee. Packard Motors Co. v. Tally, supra; Henry v. McNamara, 124 Ala. 412, 26 So. 907, 82 Am. St. Rep. 183. Where the contract for wages to become due in future is terminable at will, the garnishee is not liable to plaintiff, unless its answer affirmatively discloses an indebtedness for which the latter might maintain assumpsit. Alexander

v. Pollock, 72 Ala. 137; Archer v. Whiting, 88 Ala. 249, 7 So. 53; Bank v. Nathan, supra.

Barber & Barber, of Birmingham, for appellee.

The answer of the garnishee, denying indebtedness, may be overcome by facts stated in the answer. Jefferson County Sav. Bank v. Nathan, 138 Ala. 342, 35 So. 355; White v. Kahn, 103 Ala. 308, 15 So. 595; Montgomery Candy Co. v. Wertheimer-Swarts Shoe Co., 2 Ala. App. 403, 57 So. 54. The oral answer may be defeated where it shows fraud and collusion. Alexander v. Pollock, 72 Ala. 137; Archer v. Whiting, 88 Ala. 249, 7 So. 53; Packard Motors Co. v. Tally, 212 Ala. 487, 103 So. 455.

BOULDIN, J. This is a garnishment suit upon judgment. Upon oral answer of the garnishee there was judgment for the plaintiff. The garnishee appeals.

[1] The oral answer discloses that at the time of the service of the garnishment the defendant in judgment was in the employ of the garnishee as sales agent upon commission. By the contract the employee was given a drawing account in advance, the privilege of drawing in advance at will, provided the total advances should not at any time exceed $300; that he should not thereby become indebted above such sum in excess of his accrued commissions on sales. This contract was to end at the will of either party. Pending the garnishment advances were made from month to month and commissions accrued on sales each month. A detailed statement of the amount and dates of the several sums advanced, with accompanying checks, was given. A further statement of commissions earned each month was made.

From these statements it appeared the garnishee owed nothing at the time of the service of garnishment; that the advances at all times thereafter exceeded the amount of accrued commissions; that at the end of each month the excess of advances over commissions earned was less than $300 until July, 1925. On the last day of that month defendant drew several sums aggregating over $100, and after deducting the month's commissions the balance due for advances was $341.96. On that date defendant quit the employment, and no further commissions were earned.

In the recent case of Packard Motors Co. v. Tally, 212 Ala. 487, 103 So. 455, we reviewed the cases and stated the principles of law applicable to the case before us. These rules need not be here restated. They conclude the present case against the plaintiff.

True, advances in July in excess of $300, the limit named in the contract, could not have been credited against commissions thereafter earned, but none were earned.

---

Plaintiff is not concerned with such overdraft, unless it was sought to apply it on commissions to which the garnishment lien attached.

It appears that at one time in the month of April the amount of advances slightly exceeded $300, unless commissions accrued as sales were made prior to the end of the month. As stated in the answer, the commissions appear to have accrued in a lump sum at the end of each month for the sales of that month. If so, there was a small overdraft in April. But this cannot avail plaintiff, as the commissions thereafter earned were not sufficient to pay the amount advanced theretofore and thereafter within the $300 limit.

[2] The parties had the legal right to continue operations under their contract and to make advances pending the garnishment. The trial court seems to have conceived that all commissions accruing after garnishment passed under the lien; that no advances could be made thereafter and accruing commissions applied thereto as per existing contract. Such is not the law.

[3] Appellee insists that the oral answer shows such collusion and fraud as warrants a judgment for plaintiff. In this regard, the answer discloses that the garnishee is a corporation and that the defendant is its president. It further shows he subscribed for, but has never paid anything on, a small block of stock; that he has no salary or income as president; that his sole compensation arose from the contract as sales agent; that the management of the business was in the secretary and treasurer, who, together with his wife, owned some 91 per cent. of the stock.

[4] In the absence of contest, the oral answer must be taken as true. If the circumstances lead to a question as to the truth of the answer, an issue must be made up on proper contest.

[5] The relation of defendant as president of the garnishee did not, per se, infect with fraud the contract of employment shown by the answer.

[6-9] Not seeking to define fraud and collusion in such cases, it is sufficient to note that the mere agreement to work on an advance pay, or drawing account, basis, is not fraudulent. Garnishment is a process to reach the estate of the debtor. Third persons owe no duty to his creditors to aid in the accumulation of an estate. If they engage one's services upon a contract calling for pay in advance, the employee becomes debtor to the employer. So long as they live within such contract, and no cause of action in assumpsit accrues to the debtor, his creditor can stand on no higher ground. The high legal and moral duty of the debtor to pay does not give the creditor a property right in the debtor's services, and employers

are not required to contract on the basis of any such right. Alexander v. Pollock, 72 Ala. 137; Archer v. Savings Bank, 88 Ala. 249, 7 So. 53; 28 C. J. 172, § 218.

The judgment is reversed and one here rendered discharging the garnishee.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.