**J. B. McCRARY CO. et al. v. NASHVILLE BRIDGE CO.***

No. 6814.

Circuit Court of Appeals, Fifth Circuit.

April 12, 1933.

Ben D. Turner and S. M. Johnston, both of Mobile, Ala., for appellants.

Francis H. Inge and Nicholas E. Stallworth, both of Mobile, Ala., and Richard Hail Brown, of Birmingham, Ala., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment awarding appellee $29,700 as a balance due on a subcontract for building parts of a highway bridge over the Tombigbee river between Clarke and Washington counties, at a point near Jackson, Ala. The record is voluminous, and there are thirty-two assignments of error on behalf of each appellant. As is usual when assignments are so multiplied, they serve more to confuse than to clarify the issues. We will not attempt to deal with them in detail.

The suit was brought originally in the circuit court of Clarke county by appellee to recover on a bond wherein appellants were respectively principal and surety. It was properly removed to the District Court for the Southern District of Alabama by appellants on the ground of diversity of citizenship. A plea in abatement filed in the state court and similar pleas repeated in the federal court were overruled. Assignments running to these rulings are seriously urged by appellants.

The plea in abatement alleged that appellants are foreign corporations qualified to do business in Alabama, each with a known place of business and authorized agents in counties other than Clarke, and that neither was doing business in Clarke county at the time the suit was instituted. Appellants rely upon section 232 of the Constitution of Alabama 1901, which provides that such corporations may be sued in any county where they do business, by service of process upon an agent anywhere in the state. The Supreme Court of Alabama has repeatedly held that section 232 is restrictive, that any venue statute in conflict therewith cannot stand, and that such corporations may be sued only in a county where they are doing business at the time the suit is filed.

Appellee relies upon section 28 of the Alabama Highway Code, Act No. 347 of 1927 (pages 348, 356), under the provisions of which the bond was required and given. That section provides that any action thereunder may be brought in the county where the work was done or in any county where the contractor does business by agent. The Supreme Court of Alabama has not had occasion to consider the conflict between section 28 of the Highway Code and section 232 of the Constitution. But the Alabama Court of Appeals, in Murphy v. Southern Surety Co., 24 Ala. App. 306, 134 So. 685, in a memorandum opinion, has held that section 28 of the Highway Code cannot prevail as against section 232 of the Constitution. It is urged by appellee that, having accepted the benefits of the Highway Act, having obtained the contract and given the bond required, appellants are estopped to urge the unconstitutionality of the venue provision. And also that venue had been waived by a general appearance.

 We are not bound by the decision of the Alabama Court of Appeals, but we pass the first contention, not as being without merit, but because we deem it unnecessary to consider it. As to the second point raised by appellee, the following appears: After the suit was removed, and before a final ruling on the plea in abatement, appellants filed a motion to strike a verified account annexed to the complaint. It is not disputed that this was a general appearance to the merits. Later, counsel filing this motion was permitted to withdraw it, on the ground that he had been employed only to urge the plea in abate-

ment and not to appear generally in the case. Subsequently, after the same counsel had participated generally in the trial of the issues, the court after a full hearing recalled the ruling permitting counsel to withdraw the motion to strike the verified account. Error is assigned to this action of the court.

We agree with the District Court that counsel must be held to have been authorized to file the motion to strike. The plea in abatement was only an objection to the venue of the state court. That court had general jurisdiction, and no objection was made as to the service of process. It is elementary that venue may be waived by a general appearance. We conclude that appellants waived any objection to the jurisdiction of the court.

It appears that the McCrary Company had secured a contract from the Alabama Bridge Corporation, a state agency, for the building of the bridge, for approximately $300,000. The contract provided for liquidated damages for delay. The subcontract with appellee was for the furnishing of one set of operating machinery, two 180 feet spans with towers and one 209.25 feet vertical lift span, all erected in position, for a total sum of $111,801.76. The subcontract also provided for completion of the work within definite limits, according to specified conditions, and for liquidated damages, at the same rate as named in the general contract, for any loss that might be incurred by reason of such delay. There was some delay in building the bridge, but it was satisfactorily completed and accepted. However, the Alabama Bridge Corporation deducted from the contract price the sum of $5,446.20 as liquidated damages. The McCrary Company sought to charge up this entire amount to appellee, claimed an item of about $850, the cost of certain false work erected for the joint account of both parties, and also claimed other and additional damages. In the course of the trial, appellants sought to prove the other damages alleged to have been occasioned the McCrary Company by reason of delay caused by appellee. This evidence was excluded. During the course of the work appellee was paid $81,203.80 on account, and the suit was to recover the balance of the contract price. The jury returned a verdict for this balance, including accrued interest, in the sum of $31,555.98. On consideration of a motion for a new trial, the court required appellee to enter a remittitur in the sum of $1,655.98, reducing the amount to $29,700, for which the judgment was entered.

Error is assigned to the refusal of the court to direct a verdict for defendants on the various counts of the complaint, to the action of the court in excluding the evidence tendered to prove additional damages, to certain parts of the charge of the court, and to the refusal to give certain requested instructions.

There is no doubt whatever that appellee was entitled to recover judgment in some amount. Therefore a directed verdict was not in order. We think the court also properly construed the contract as excluding recovery of damages exceeding the liquidated damages paid by the McCrary Company. Therefore the evidence tendered to prove additional damages was properly rejected. As to the other issues in the case, the evidence was conflicting, but there was sufficient to support the verdict. The case was submitted fully and fairly by the charge of the court. Error does not appear in the charge given nor in the rejection of the special requests.

Error is assigned to various rulings of the court on the pleadings. The objections were purely technical and without merit.

The record presents no reversible error. Affirmed.