75 So.2d 665

**PEPPERELL MANUFACTURING CO.**

v.

**ALABAMA NATIONAL BANK OF
MONTGOMERY.**
3 Div. 685.

Supreme Court of Alabama.

Oct. 7, 1954.

Rehearing Denied Nov. 11, 1954.

Edw. J. Azar, Azar & Campbell, Montgomery, for appellant.

Denson & Denson, Yetta G. Samford, Jr., Opelika, and Ball & Ball, Montgomery, for appellee.

SIMPSON, Justice.

This proceeding is to review by certiorari the opinion and judgment of the Court of Appeals holding that a writ of garnishment on a judgment rendered in Montgomery County was not levyable on a nonresident corporation which was doing business only in Lee County, in view of Sec. 232 of the Constitution of Alabama, which provides that "such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state."

The Court of Appeals' decision was rested on two premises: (1) That a garnishment proceeding after judgment is a suit within the meaning of Sec. 232 of the Constitution of Alabama 1901; (2) That the "jurisdictional test for garnishment is the suability of the garnishee defendant by the principal defendant in the jurisdiction where the garnishment is instituted", and, therefore, the Montgomery County Circuit Court was without jurisdiction when it issued the writ of garnishment in this case. The following cases were cited in support of the latter proposition: Harris v. Balk, 1905, 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023; H. Williamson, Ltd. v. Phinney Walker Co., 247 Mich. 645, 226 N.W. 672; Bingenheimer Mercantile Co. v. Weber, 49 N.D. 312, 191 N.W. 620, 27 A.L.R. 1392. As pointed out by the Court of Appeals, if the second principle is correct, it would make no difference whether the garnishee was a foreign corporation or a domestic corporation, or an individual. And, seemingly, it would make no difference whether the writ was sued out after judgment or pending suit.

The problems presented call for a proper understanding of the oft-confused and loosely-used terms "jurisdiction" and "venue." The term "jurisdiction" is used in several senses, but in its general and ordinary use, it means the *power* lawfully conferred on a court to entertain a suit or proceeding, consider the merits, and render a binding decision thereon. "Venue" refers to the particular county or other subdivision in which, for the sake of convenience or other commanding policy considerations, the cause is to be heard or tried. Industrial Addition Ass'n v. Commissioner, 1944, 323 U.S. 310, 65 S.Ct. 289, 89 L.Ed. 260; 14 Am.Jur., Courts, § 160; 56 Am.Jur., Venue, § 2.

The three cases mentioned above, as cited by the Court of Appeals supporting its decision that the Circuit Court of Montgomery County was without jurisdiction to issue a writ of garnishment to a foreign corporation doing business only in Lee County, were similar factually, and as the second and third were decided on the authority of the first, Harris v. Balk, it alone will be discussed.

In Harris v. Balk, a citizen of North Carolina who owed money to another citizen of North Carolina was temporarily in Maryland, and was garnished there by a creditor of the person in North Carolina to whom he owed money. Judgment was entered according to the practice and procedure of the state of Maryland, and was paid by the garnishee. When the garnishee was sued on the debt in North Carolina, he set up the Maryland judgment and its payment by him as a defense, but the Supreme Court of North Carolina held that the Maryland court had no jurisdiction and its judgment was not entitled to full faith and credit. On review by the Supreme Court of the United States, that court reversed, and, in part, said [198 U.S. 215, 25 S.Ct. 626]:

"Attachment is the creature of the local law; that is, unless there is a law

of the state providing for and permitting the attachment it cannot be levied there. If there be a law of the state providing for the attachment of the debt, then, if the garnishee be found in that state, and process be personally served upon him therein, we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff, and condemn it, provided the garnishee could himself be sued by his creditor in that state. * * * Power over the person of the garnishee confers jurisdiction on the courts of the state where the writ issues."

It is readily seen that the court in the Balk case was dealing with the question of the *power* of the state of Maryland to authorize its courts to adjudicate the subject matter that was brought before it. It was a question of the *power,* i. e., "jurisdiction," of the sovereignity to subject the garnishee to its judicial processes. The decision in no way dealt with the locality, i. e., "venue," within the state of Maryland in which the issue should be litigated.

■ Section 232 of our Constitution has been considered many times by the courts of this state. In one case, we find the word "jurisdiction" used in reference to it. Sullivan v. Sullivan Timber Co., 1894, 103 Ala. 371, 15 So. 941, 25 L.R.A. 543. But this section has been referred to and treated as a venue provision so many times by this court that that connotation accorded it cannot now be questioned. Bolton v. White Motor Co., 1940, 239 Ala. 168, 194 So. 510; Davis v. Jones, 1938, 236 Ala. 684, 184 So. 896; May v. Strickland, 1938, 235 Ala. 482, 180 So. 93; General Motors Acceptance Corp. v. Home Loan & Finance Co., 1929, 218 Ala. 681, 120 So. 165; Case Threshing Machine Co. v. McGuire, 1918, 201 Ala. 203, 77 So. 729; Ex parte Western Union Tel. Co., 1917, 200 Ala. 496, 76 So. 438; Southern Railway Co. v. Goggins, 1916, 198 Ala. 642, 73 So. 958. See also J. B. McCrary Co. v. Nashville Bridge Co., 5 Cir., 1933, 64 F.2d 385.

■ The garnishee, Pepperell Manufacturing Company, is doing business in this state and there can be no question but that that fact gives the state of Alabama the *power,* i. e., "jurisdiction," to subject it to legal process of the state's courts. Ford Motor Co. v. Hall Auto Co., 1933, 226 Ala. 385, 147 So. 603. Neither can there be any doubt that this state has authorized its circuit courts to issue writs of garnishment without territorial limitations on judgments rendered by such courts. Title 7, §§ 996, 997, 999, Code 1940. We must conclude, therefore, that the Circuit Court of Montgomery County had jurisdiction to issue the writ of garnishment against the Pepperell Manufacturing Company.

■ The next and more perplexing problem is to determine whether or not venue was properly laid in such court. The question of whether or not a garnishment after judgment is a "suit" within the meaning of Sec. 232 of the Constitution offers nice opportunities for the indulgence of abstruse or analytical semantics, but as we view the question it is not one for judicial hair splitting. Whatever language a particular court might have used to characterize a garnishment proceeding in a particular case, its essential elements and fundamental purpose remain the same. A garnishment on a judgment is a proceeding in the nature of attachment to subject the property of the judgment debtor to the plaintiff's claim. Title 7, § 995, Code 1940; Simpson Coal & Transfer Co. v. Hood, 1926, 215 Ala. 175, 110 So. 149; McPhillips v. Hubbard, 1893, 97 Ala. 512, 12 So. 711. In the early cases of Wood v. Russell, 1853, 22 Ala. 645, and Morris v. Russell, 1852, 20 Ala. 357, the Circuit Court of Macon County issued writs of garnishment to be executed in Mobile County. The rule stated by those cases was that "a summons of garnishment may go to any county in the state." The writs in the Russell cases were issued in aid of a pending suit begun by attachment. The statute authorizing the writs in such cases made no specific mention of how far such processes should reach. Clay's Dig., Attachment, pp. 54–64. In Mathieson & O'Hara v. Thompson, 1858, 31 Ala. 500, the question was whether a garnishee was entitled to mileage and per diem pay for answering several writs of garnishment

returnable at the same term of court. The court held in the affirmative, and said that one reason for such an interpretation of the relevant statutes was that "a garnishee may be required to answer orally in any court in the state, however distant from his home." The Mathieson case involved a garnishment in aid of a pending suit, evidently begun by attachment, but the code section upon which the statement was predicated also applied to garnishments issued to enforce the collection of a judgment. See §§ 2540, 2473, Code of Alabama 1852. This provision is now substantially contained in Sec. 1011 of Title 7, Code of Alabama 1940, which is applicable to this proceeding unless Sec. 232 of the Constitution intervenes to exempt nonresident corporations from the operation of the rule.

Considering the nature of the proceeding, we can appraise little, if any, difference between a writ issued during a suit and one issued after judgment. The Court of Appeals' quotation from 2 Shinn, Attachment & Garnishment, § 469 (1896), is, in our opinion, not persuasive in solving the problem. An examination of the authorities the author cites in support of his proposition that garnishment proceedings begun after judgment "is a new suit" reveals that the question of venue was in no way involved in any of them. They involved the sufficiency of the process, rights of intervention, right of a garnishee to challenge the bias of the trial judge, trial procedure, and whether or not a husband should be joined when his wife was garnishee. If there is any validity to the rule enunciated, it must be in connection with the statement immediately preceding it to the effect that "While garnishment cannot be classed as a suit in the sense that ordinary actions are suits, yet it is a suit in that it must have a plaintiff and defendant who have their day in court."

■■ Even if it be conceded that garnishment after judgment is a "new suit," it does not necessarily follow that it is controlled by the venue proviso of Sec. 232. Garnishment is a "species of attachment". White v. Simpson, 1895, 107 Ala. 386, 18 So. 151, 152; and it has long been recognized that the venue provisions of our law do "not apply to suits commenced by attachment, but only to those instituted in the ordinary mode of process against the person of the defendant." Herndon v. Givens, 1849, 16 Ala. 261–267. To like effect is the holding with respect to a garnishment on attachment. McPhillips v. Hubbard, 1893, 97 Ala. 512, 12 So. 711. The reason for such a construction of our venue statute was said to be that to hold otherwise would sometime render the remedy "ineffectual," and such an intent would not be imputed to the legislature. Herndon v. Givens, supra. Though the Herndon and McPhillips cases were not factually the same as the instant case, we think the rationale underlying, as well as the conclusion attained, is applicable here, and leads to the result that Sec. 232 does not apply to writs of garnishment.

■ A writ of garnishment used to enforce a judgment must issue out of and be returnable to the court that renders the judgment. Title 7, § 997, Code 1940; First National Bank of Gadsden v. Dunn, 1893, 102 Ala. 204, 14 So. 559; Hopper v. Todd, 1845, 8 Ala. 121. So the result of the Court of Appeals' decision is that before the plaintiff could reach the asset of his judgment debtor that is held by the nonresident garnishee, he would have to sue on the judgment in the county where the garnishee does business (Lee County), then have a writ issued on the judgment recovered there. But venue of the suit on the judgment would be determined by the county of the residence of the judgment debtor, or that in which the judgment was rendered. Title 7, § 54, Code 1940. Hence, so long as the judgment debtor did not live in the county in which his corporate nonresident debtor did business, and the original judgment was not rendered there, the latter could not be garnished, and this asset could never be reached by anyone entitled to it. We do not think the framers of our Constitution intended that Sec. 232 should operate to such a result.

■ We think it sound to hold, therefore, that the kind of "suits" contemplated by Sec. 232 of our Constitution was, in the words of Shinn, supra, "ordinary actions,"

and that it does not include garnishment instituted to obtain satisfaction of a judgment.

The judgment of the Court of Appeals is accordingly reversed and the cause remanded to the Court of Appeals.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY, MERRILL and CLAYTON, JJ., concur.

On Rehearing.

PER CURIAM.

Opinion corrected and application for rehearing overruled.