**BUCK CREEK INDUSTRIES, INC.,**
**Plaintiff–Appellee,**

v.

**ALCON CONSTRUCTION, INC., et al.,**
**Defendants–Appellants.**

No. 77–3078.

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1980.
Rehearing Denied Jan. 12, 1981.

---

W. B. Hairston, Jr., Birmingham, Ala., for Alcon Construction.

C. Stephen Trimmier, Albert C. Swain, Birmingham, Ala., for Robert L. Martin Bldg. Co.

Lawrence B. Clark, Charles C. Pinckney, Birmingham, Ala., for plaintiff–appellee.

Before WISDOM, TJOFLAT and REAVLEY, Circuit Judges.

TJOFLAT, Circuit Judge:

The appellants, Alcon Construction Company and Robert B. Martin Building Company, contend that the district court committed numerous errors in the proceedings below. We find, however, that our resolution of a single issue is dispositive of the case: whether the district court should have accepted appellants' defense of res judicata. Because we find that it should have accepted this defense, we reverse.

The facts relevant to the res judicata defense are relatively straightforward. Buck Creek Industries, plaintiff below, suc-cessfully prosecuted an earlier federal diversity action against Alcon Construction Company and obtained a money judgment. Because Alcon apparently had no assets that could be reached by a writ of execution, Buck Creek initiated a Rule 69 garnishment proceeding against Robert B. Martin Building Company, alleging that Martin had received payments under a construction contract fraudulently conveyed to it by Alcon. Fed.R.Civ.P. 69. According to Buck Creek, Martin held these payments in trust for Alcon's creditors.

Federal Rule of Civil Procedure 69(a) permits a party to bring "proceedings supplementary to and in aid of a judgment;" one such proceeding is a garnishment action. *Rumsey v. George E. Failing Co.*, 333 F.2d 960 (10th Cir. 1964); see also *United States ex rel. Tanos v. St. Paul Mercury Insurance Co.*, 361 F.2d 838 (5th Cir.) (Rule 64 proceeding, but see Brown, J. dissenting at 840, n. 1), *cert. denied* 385 U.S. 971, 87 S.Ct. 510, 17 L.Ed.2d 435 (1966). The rule further provides that such proceedings "shall be in accordance with the practice and procedure of the state . . . except that any statute of the United States governs to the extent that it is applicable." Fed.R.Civ.P. 69. In Alabama, a garnishment begins with the plaintiff swearing out a garnishment writ alleging that the garnishee is indebted to the plaintiff's debtor. Buck Creek complied with this requirement, and the writ was duly served on Martin. Martin answered by denying that it was indebted to Alcon.

At this point, Alabama procedure gives the plaintiff a choice: He may either move the court for a contest, *i. e.*, a trial on the merits, Ala.Code § 6–6–458 (1975), or he may subpoena the garnishee to appear in court to give an oral answer, which supplements the garnishee's written answer. Ala.Code § 6–6–450 (1975). This oral answer is considered part of the pleadings. The judge, after hearing the oral answer and weighing it as he would a representation or admission made in a written pleading,[1] may

---

1. "In the absence of contest, the oral answers must be taken as true," *Simpson Coal & Transfer Co. v. Hood*, 215 Ala. 175, 177, 110 So. 149, 150 (1926), and judgment can be entered for the plaintiff if the answer "show[s], in judgment of law, a clear, distinct admission of an

grant judgment for the plaintiff on the oral answer alone.

Buck Creek chose to have Martin give an oral answer. Accordingly, it deposed Martin's president before the court and, on the basis of his testimony, moved for judgment. The district court found that Martin possessed no assets belonging to Alcon and denied Buck Creek's motion. Buck Creek did not request a trial on the merits; in fact, it advised the court that it had no further evidence to offer. The court, therefore, discharged Martin from the garnishment. Buck Creek moved the court to reconsider its decision and, again, declined to request a trial on the merits. The motion was denied, and no appeal was taken.

Before the district court reached its decision in the garnishment action, Buck Creek commenced a new diversity suit, the proceeding now before us, seeking damages from Alcon and Martin for Alcon's fraudulent conveyance of the construction contract to Martin. In their answers, the defendants pleaded the potential res judicata effect of the still pending garnishment proceeding and requested the court to stay further prosecution of the cause until the garnishment proceeding was concluded.[2] The court denied the motion for stay, and both cases were litigated to final judgment before separate district judges. The garnishment action was concluded first; then,

during the trial of the instant case, Alcon and Martin both moved the court for a directed verdict, arguing, *inter alia*, the res judicata effect of the final order discharging the writ of garnishment.

Buck Creek opposed the motion, arguing that the Alabama courts would not consider the garnishment disposition a final decision for res judicata purposes. Buck Creek's theory was based on the relationship between a supposed peculiarity of Alabama law—that denies a garnisher the right to take an oral answer from the garnishee and also to contest the factual issues in a subsequent trial on the merits—[3] and Alabama's overriding policy of ensuring litigants at law an actual trial on contested factual issues. According to Buck Creek, its demand for an oral answer in the garnishment automatically precluded it from also contesting any factual issue at a subsequent trial, and[4] in these circumstances, Alabama would not give the garnishment order res judicata effect.

Martin and Alcon contended below that even if Buck Creek's demand for judgment on the oral answer precluded it from requesting a subsequent trial of the contested factual issues, the order discharging the writ on the basis of the oral answer is nevertheless a final judgment for res judicata purposes. The district court was not

---

indebtedness due and owing ...." *White v. Kahn*, 103 Ala. 308, 312, 15 So. 595, 596 (1894).

2. Inexplicably, Alcon did not allege that Buck Creek's claim against Alcon was barred because Buck Creek had, previously, recovered a money judgment against Alcon on the same underlying indebtedness, and an additional judgment in the instant case would have resulted in a double recovery. In this appeal, the parties make no reference to the propriety of a double recovery against Alcon, and we do not address the issue.

3. Up until 1940, there was, according to Buck Creek, no question concerning a garnishment plaintiff's right to have both an oral answer and a trial on the merits. At that time, a trial would be held if requested during the term of court in which the garnishment was brought. Thus, the plaintiff could demand an oral answer, and, after it was taken and sustained, request a trial, as long as the court was in session. In 1940, however, the requirement

that a trial be requested during the court's term was changed to a requirement that a trial be requested within 30 days after the filing of the garnishee's answer. Buck Creek contends that this requirement refers to a *written* answer. Since the sufficiency of an oral answer cannot be determined within 30 days of the written answer, suggests Buck Creek, the statutory requirement that a trial be requested within 30 days of the filing of a written answer cannot be met, and requesting an oral answer operates as a bar to a later trial on the merits.

4. Martin claims that, even before 1940, a plaintiff who moved for judgment on the oral answer waived his right to a trial on the merits. Hence, the parties' only disagreement is whether the plaintiff's mere request for an oral answer, without demand for judgment thereon, waives his right to proceed to a trial on the merits.

persuaded, however, and held that Alabama would deny res judicata effect to a decision reached in a case in which a garnishment plaintiff moved for judgment on the legal sufficiency of a garnishee's oral answer and thereby lost his right to a subsequent trial.

On analysis, we conclude that the defendant's position is meritorious. Under the district court's reasoning, a garnishment plaintiff may demand judgment on an oral answer and, if the court rules against him and discharges the writ, may obtain the issuance of a second writ on the same theory of recovery. The second writ can issue because the discharge of the former writ would not be viewed as a disposition on the merits and, thus, would not be accorded res judicata effect. When the second writ issues, the plaintiff can, once again, hail the garnishee before the court for oral answer, and, if the plaintiff's motion for judgment is denied and the writ is discharged, the plaintiff may obtain another writ and, presumably, yet another, until the day arrives that plaintiff sustains his theory of garnishee indebtedness—in this case, the fraudulent—transfer theory. In sum, it is represented that the Alabama garnishment procedure on oral answer is a one—way street: only the plaintiff may move for final judgment, and he does so without risking the entry of an adverse judgment. If the plaintiff follows this one—way street long enough, obtaining successive writs, requesting further oral answers and interrogating the garnishee over and over, he may, final-ly, uncover enough evidence to sustain his theory of recovery as a matter of law and bring the matter to an end.[5]

We are unable to read into the Alabama law of res judicata an exception that would produce the scenario just described and thus think ordinary res judicata principles apply to the case at bar. Since in Alabama the res judicata effect of a garnishment is clear, *Hall & Farley v. Alabama Terminal & Improvement Co.*, 173 Ala. 398, 404–5, 56 So. 235, 238–9 (1911), Buck Creek cannot litigate a new action on the same theory advanced in garnishment.

▆ Buck Creek also argues that the garnishment decision should be denied res judicata effect because the diversity suit now before us comprises a different cause of action.[6] We disagree. Under Alabama law, and under common law generally, a cause of action in one case is the same as that in a second case if the evidence needed to sustain the second action would have also sustained the first action. *Gulf American Fire & Casualty Co. v. Johnson*, 282 Ala. 73, 79, 209 So.2d 212, 218 (1968); *Restatement of Judgments*, § 61 (1942). Evidence of a fraudulent conveyance of Alcon's construction contract to Martin was certainly needed to sustain the second action, and it is also clear that in Alabama such evidence would have sustained a garnishment writ against Martin. *See American Trust & Savings Bank v. O'Barr*, 12 Ala.App. 546, 67 So. 794 (1915). Thus, we find that the garnishment

---

**5.** Implicit, of course, in Buck Creek's exposition on the Alabama garnishment practice is the conclusion that each time the court discharges the writ of garnishment on plaintiff's motion for judgment on oral answer, the discharge is without prejudice. There is nothing in the record before us, and Buck Creek does not argue, that the order discharging the writ of garnishment was entered without prejudice. To the contrary, Buck Creek's motion for reconsideration of the order indicates that the order had been entered with prejudice, as the parties had obviously urged the court to do; and the district court in the case here under review so treated the order. Had the discharge order been tantamount to a dismissal without prejudice, the district court, in disposing of Martin's and Alcon's res judicata defense in the instant case, would not have had to struggle with the Alabama law of res judicata to find an exception; instead, the court could have simply brushed the defense aside by finding that the order discharging the writ had been entered without prejudice and, consequently, did not amount to a disposition on the merits.

**6.** If the subsequent diversity case were a different cause of action, the doctrine of collateral estoppel, rather than res judicata, would apply. Under collateral estoppel principles, Buck Creek could litigate in the subsequent action any issue not litigated in the first case. *Restatement of Judgments*, § 45, Comment on Cl. (C) (1942). We do not reach the question whether the issues actually litigated in the first case would have been dispositive of the case now before us.

proceeding and the diversity suit were founded on the same causes of action and that the garnishment decision should have been given res judicata effect. The judgment of the district court is, accordingly, vacated, and the cause is remanded to the district court for the entry of a judgment of dismissal.

VACATED and REMANDED, with instructions.