PER CURIAM.
This action was filed in Houston County by the plaintiff, Dare Productions, Inc., a corporation, against individual defendants Randy Owen, Teddy Gentry, Jeffrey Cook, and Mark Herndon, d/b/a “Alabama,” an unincorporated association; Wild Country, Inc., a corporation; Morris & Associates, Inc., a corporation; and Dale Morris. The complaint sought damages for an alleged breach of contract, fraud and deceit.
All defendants filed a joint motion to dismiss the case or, in the alternative, to have it transferred to the Circuit Court of DeKalb County. This motion was based on the following grounds:
1. The four individual defendants are all residents of DeKalb County;
2. Wild Country, Inc., is an Alabama corporation whose principal place of business is in DeKalb County;
3. Morris & Associates, Inc., is a Tennessee corporation with its principal place of business in Davidson County, Tennessee;
4. Dale Morris is an individual and resident of Davidson County, Tennessee;
5. “Alabama” is not a legal entity, but to the extent that it is an association, the association exists in DeKalb County;
6. Neither Wild Country, Inc., Dale Morris & Associates, Inc., nor the four individual residents of DeKalb County maintain offices or conduct business in Houston County;
*478 7. The contract sued upon was executed in Nashville, Tennessee, and its intended place of performance as shown by the contract was Salem, Virginia;
8. The alleged fraud or misrepresentations, if any, occurred in Tennessee.
Affidavits were filed by both sides, and the following facts were established.
Dale Morris & Associates, Inc., is a Tennessee corporation of which Dale Morris is a stockholder, officer, and director. Dale Morris & Associates, Inc., is not qualified to do business in the State of Alabama, but it is the exclusive talent agent for Owen, Gentry, Cook, and Herndon, d/b/a “Alabama,” a country music group of professional musicians which has for the past several years performed on a regular basis throughout Alabama and the nation.
The group “Alabama” performed two concerts in Houston County, Alabama, in 1981. Dempsey Eugene Cooper of Dothan was one of the promoters of these concerts, and he had some discussion in Houston County with Dale Morris of Dale Morris & Associates, Inc., about future dates that the group “Alabama” had available for concerts. The discussions continued by telephone and, finally, a contract was negotiated between Ken Cormier Productions, Inc., and Owen, Gentry, Cook, and Herndon, d/b/a “Alabama,” whereby “Alabama” agreed to perform in concert on October 30, 1981, at the Salem-Roanoke Valley Civic Center in Salem, Virginia, and Ken Cormier Productions, Inc., agreed to pay “Alabama” $38,500 as consideration for their services. The parties agreed by contract that Ken Cormier Productions, Inc., had the right, at its option, to videotape the performance and to market these video rights, in which case “Alabama” was to receive $25,000 plus 25% of the gross sales of the video rights. Ken Cormier Productions, Inc., paid $7,000 to “Alabama” as a deposit to assure performance.
Ken Cormier Productions, Inc., changed its name to Dare Productions, Inc., the plaintiff in this case, on September 14,1981. Thereafter, it and “Alabama” through its agent Dale Morris & Associates, Inc., entered into a contract replacing the earlier contract between Ken Cormier Productions, Inc., and “Alabama.” Under the replacement contract, plaintiff agreed to pay “Alabama” $31,500 as consideration to perform in Virginia, and the parties also agreed that the plaintiff had the right, at its option, to videotape the performance and to market these rights, in which ease “Alabama” was to receive $25,000 plus 25% of the gross sales. Plaintiff paid “Alabama” and Wild Country, Inc., a combined total of $56,500 under the replacement contract.
“Alabama” performed in concert in Salem, Virginia, on October 30, 1981, in the Salem-Roanoke Valley Civic Center, leased by the plaintiff. The performance was videotaped by the plaintiff, which thereafter attempted to market the videotapes, until it was informed that Wild Country, Inc., and “Alabama” are and were at all times relevant to the contract made with Ken Cormier Productions, Inc., and the plaintiff, under a contract with RCA corporation, which gave RCA the exclusive right to market and distribute video rights of “Alabama” and Wild Country, Inc.
RCA demanded that the plaintiff cease and desist from any effort to market the video rights, and attorneys for Dale Morris & Associates, Inc., also informed plaintiff that it did not have authority to market the video rights acquired under the contract.
Based upon these facts, the trial court denied the motion to dismiss or, in the alternative, transfer venue to DeKalb County. The defendants then filed this petition for writ of mandamus, in which they describe the relief sought in the following manner:
“The Defendants seek an Order from the Supreme Court of Alabama directing the Honorable Ron Story, Circuit Judge, to transfer the case to the Circuit Court of DeKalb County, Alabama, the only location where venue is proper as to the Defendants.
“The Defendants, Dale Morris and Dale Morris Associates, Inc. solemnly represent to this Court as previously represented to *479 the Circuit Court below that the question of jurisdiction over the non resident Defendants is raised as to the question of venue and jurisdiction of the Circuit Court of Houston County, Alabama, and that if this cause is transferred to the Circuit Court of DeKalb County, Alabama, Dale Morris and Dale Morris Associates, Inc., will not again raise the question of jurisdiction in that Court but will fully submit by appropriate answer to the Circuit Court of DeKalb County, Alabama.”
The defendant/petitioners’ argument is, upon careful analysis, directed to three separate issues, each controlled by different rules.
First, we address their argument that the Circuit Court of Houston County lacks in personam jurisdiction over Dale Morris, a resident of Tennessee, and Dale Morris & Associates, Inc., a Tennessee corporation not qualified to do business in Alabama. These two defendants are subject to that court’s jurisdiction if they come within any of the provisions of A.R.Civ.P. 4.2(a)(2), which controls this issue. In the language of the rule, they are subject to this state’s jurisdiction if they have sufficient contacts with this state so that subjecting them to suit here does not offend due process. The rule provides, in part:
“(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person’s
“(A) transacting any business in this state;
“(B) contracting to supply services or goods in this state;
“(C) causing tortious injury or damage by an act or omission in this state including but not limited to actions arising out of the ownership, operation or use of a motor vehicle, aircraft, boat or watercraft in this state;
“(D) causing tortious injury or damage in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state;
“(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the constitution of the United States.”
Both Dale Morris and Dale Morris & Associates, Inc., have contacts with the State of Alabama sufficient to meet the test of Rule 4.2(a)(2). Dale Morris arranged the concert in Dothan. He was physically present in Dothan during the performance. His agency was paid on behalf of the group “Alabama” there and partly negotiated there the contract sued upon here. In addition, Dale Morris & Associates, Inc., is, according to Dale Morris’s affidavit, the exclusive agent for the group “Alabama,” which has performed and continues to perform innumerable concerts in the State of Alabama, each of which results in financial gain to Dale Morris & Associates, Inc., as well as to Dale Morris individually. It cannot be said that Dale Morris and Dale Morris & Associates, Inc., a corporation, have not transacted business in the State of Alabama.
It certainly does not offend traditional notions of fair play and substantial justice to require these defendants to defend this action in Alabama. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Ex parte British Steel Corp., 426 So.2d 409 (Ala.1982); Bryant v. Ceat S.p.A., 406 So.2d 376 (1981); cert. den., 456 U.S. 944, 102 S.Ct. 2008, 72 L.Ed.2d 466 (1982); Semo Aviation v. Southeastern Air *480 ways Corp., 360 So.2d 986 (1978); Sells v. International Harvester Co., 513 F.2d 762 (5th Cir.1975).
The second and most forceful argument advanced by the petitioners relates to venue, as distinguished from jurisdiction. In fact, they offer to waive any objection to jurisdiction if the case is transferred from Houston to DeKalb County for trial. We again acknowledge that some of our cases have not been clear in distinguishing jurisdiction and venue. In City Stores Co. v. Williams, 287 Ala. 385, 252 So.2d 45 (1971), the Court quoted with approval the following from Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 75 So.2d 665 (1954):
“ ‘The terms “jurisdiction” and “venue” are often confused and loosely used. In its pure sense “jurisdiction” means the power of a court to entertain and consider a cause, and render a binding judgment therein. “Venue” refers to the court in which for the sake of convenience or policy considerations the cause is to be tried.’ ”
What then is the law in this state with regard to venue in a suit against a foreign corporation not qualified to do business in this state but, in fact, doing business here? Section 6-3-7, Code 1975, states that a foreign corporation may be sued in any county in which it does business by agent. This statute, however, applies only to foreign corporations which are qualified to do business in the state. It is not applicable to a foreign corporation which does business within this state, but does not qualify to do so. St. Mary’s Oil Engine Co. v. Jackson Ice & Fuel Co., 224 Ala. 152, 138 So. 834 (1931). Nor does § 232 of the Constitution apply to fpreign, unqualified corporations. That constitutional provision and the statutes implementing it require foreign corporations to have a known place of business and to designate an agent upon whom process may be served.
A foreign, unqualified corporation doing business in Alabama may be sued in any county in this state when effective service of process has been obtained. Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441 (1960); and St. Mary’s Oil Engine Co. v. Jackson Ice & Fuel Co., supra.
Dale Morris & Associates, Inc., is a foreign, unqualified corporation, which actually does business within the State of Alabama. It was properly served under A.R.Civ.P. 4.2(b)(1). Thus, venue in Houston County is proper.
Prior to the adoption of the Alabama Rules of Civil Procedure and with them the merger of law and equity, joinder of parties and causes of action was very limited. If there was a joinder of more than one defendant, the predecessor of § 6-3-2 (Code 1940, Tit. 7, §§ 54, 294) provided that venue was proper if the action was commenced at the residence of one of the defendants. With the adoption of the rules, joinder of claims and parties became much less restrictive, requiring a less restrictive rule with respect to venue in cases involving multiple claims and parties. This resulted in Rule 82(c), A.R.Civ.P.:
“(c) Venue Where Claim or Parties Joined. Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought. Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13,14, 22 and 24, as ancillary thereto, without regard to whether that county would be a proper venue for an independent action on such claims or against such parties.”
Venue being proper in Houston County as to Dale Morris & Associates, Inc., a corporation, it is proper as to all defendants. Roland Pugh Mining Co. v. Smith, 388 So.2d 977 (Ala.1980).
Finally, the petitioners argue that venue is improper in Houston County because the contract sued upon was executed in Nashville, Tennessee, and the place of performance was Virginia.
If there were no additional contacts with the State of Alabama than the contract sued upon, we might agree that this state *481 lacked jurisdiction over the defendants, although the contract was partially negotiated in Alabama. However, as noted earlier, the corporate defendant’s contacts with the State of Alabama were substantial and far greater than partially negotiating this one contract here.
The petitioners’ argument in this regard is more related to the applicable law which should be applied to the merits of the case.
Whether the courts in Alabama have in personam jurisdiction over a defendant in an action for breach of contract is a different question from what law governs the merits of the case. On the latter issue, Alabama follows the traditional view that a contract is governed as to its nature, obligation, and validity by the law of the place where it was made, unless the parties intend the law of some other place to govern, or unless it is to be wholly performed in some other place. New York Life Ins. Co. v. Scheuer, 198 Ala. 47, 73 So. 409 (1916). We cannot say, given the limited facts before us, what law should be applied in this case. We can and do hold, however, that the Circuit Court of Houston County has jurisdiction over the defendants and that the trial court properly denied the motion for transfer to DeKalb County.
The petition for writ of mandamus is denied.
WRIT DENIED.
All the Justices concur, except TOR-BERT, C.J., who dissents.