This is an appeal by defendants, 23 members of the Twenty-fifth Avenue Baptist Church ("Church"), from an order of the Jefferson County Circuit Court scheduling a new election for the purpose of enabling the congregation of the Church to decide who shall be expelled from Church membership and from an order requiring an accounting of all Church funds. We affirm.
The plaintiffs, individually and as trustees of the Church, filed a "petition for temporary injunction, permanent injunction and other relief" asserting that the defendants were expelled from membership in the Church on January 5, 1986, and that since their expulsion they had disrupted religious services and prevented the members of the Church from engaging in peaceful worship. The plaintiffs sought an order enjoining the defendants from disrupting or interfering with the business of the Church and also filed a motion requesting that an election be held in order for the congregation of the Church to determine whether certain members of the Church should be expelled.
The defendants filed a counterclaim, a cross-claim, and a number of motions and petitions. The motions included a motion to dismiss fictitious parties; a motion to dismiss four defendants who were not included in the list of members of the Church that were allegedly expelled from membership; and a motion to add as defendants in the cross-claim Reverend Dorosco Scarber, the pastor of the Church; Julia Marshall, the secretary of the Church; and Arthur Sparks, the janitor. *Page 838 
The trial court granted the motion to dismiss fictitious parties and the motion to dismiss the four defendants not included in the list of allegedly expelled members. The motion to add defendants in the cross-claim was granted with respect to Reverend Scarber, but overruled with respect to Marshall and Sparks.
In their counterclaim, the defendants assert that the plaintiffs are not duly elected trustees of the Church; that the meeting wherein the congregation voted on the expulsion of the defendants was held without proper notice; that the constitution and by-laws of the Church were never properly voted upon; and that the plaintiffs had denied defendants access to the Church property, which caused defendants to resort to forcible entry at considerable expense (replacing locks and broken glass).
The defendants assert in their cross-claim against Reverend Scarber that he adopted the constitution and by-laws without approval by a majority vote of the congregation and that he appointed the trustees of the Church without approval by a majority vote of the congregation.
The defendants petitioned for an accounting of all Church funds, asking that the books and records of the Church be delivered to a certified public accounting firm. The defendants also stated in their petition that the "Revitalization Committee," of which the defendants were members, had solicited financial contributions from Church members in the name of the Church and had retained these funds and made the decision as to the appropriate use to be made of these funds.
The defendants also sought a declaratory judgment, seeking particularly a declaration that the constitution and by-laws of the Church were invalid and that the defendants were the duly elected deacons of the Church.
The trial court held that the meeting wherein the defendants were expelled from membership was invalid and that the action of the Church in adopting a constitution and by-laws was invalid due to inadequate notice. The trial court directed the deputy register of the court to schedule an election wherein the congregation, by a majority vote of its eligible and qualified members, could vote whether a particular member should be expelled from membership. The trial court also established, in detail, the type of notice of the election that should be given and directed the deputy register to personally count the ballots and report the results. The trial court stated that, if necessary, it would determine at a later time whether challenged voters were qualified. The trial court ordered that a current accounting of all Church funds, beginning on January 1, 1984, be conducted by the deputy register. The accounting was to include the funds collected by the "Revitalization Committee." The trial court also directed the members of the Church to resolve among themselves, after the election, the membership of the board of deacons.
The defendants present essentially two arguments on appeal. They assert that the trial court erred in ordering a new election and in ordering an audit of the funds collected by the "Revitalization Committee."
When a trial court hears evidence presented ore tenus, its findings of fact are presumed to be correct and will not be disturbed on appeal unless they are plainly or palpably wrong or manifestly unjust. Scarbrough v. Smith,445 So.2d 553 (Ala. 1984).
The trial court made the following findings, which we do not find plainly or palpably wrong or manifestly unjust.
 "The Twenty-Fifth Avenue Baptist Church has two separate factions, one supporting the Pastor, Dorosco Scarber, and the other faction opposed to him. For several years, these two factions have been virtually at war with each other. Those members of the Church who compose the dissident faction have interrupted the Pastor during the service and have also begun singing and creating a disturbance so as to make it difficult if not impossible for the Pastor to conduct services. Members of the dissident faction have broken in the door of the Church to gain access to the Church. Without any authority from those members who are officers of the Church, members of the dissident faction have solicited contributions from Church members in the name of the Church and have *Page 839 
themselves retained these funds and made the decision as to how the funds should be employed or used for the benefit of the Church.
 "Even while this case was pending, the dissident members of the Church had one of their number announce a Church meeting scheduled for March 20, 1986, at 7:00 p.m. At this meeting, the approximately thirty members who had attended voted to remove the Pastor. Many of the members attending this meeting were persons whose own status was subject to question as a result of the action taken by the Church on earlier occasions.
". . . .
 "This Court is not reasonably satisfied that adequate notice was given to the members of the congregation of the time, date and object of the meeting called for the purpose of voting on a proposed Constitution and By-Laws, or at the meeting at which a vote was taken for the purported purpose of expelling a number of the members of the congregation. This Court further finds from the evidence that there was not adequate notice of the time, place and purpose of the meeting at which approximately thirty members of the congregation sought to remove Dorosco Scarber from the position of Pastor."
This Court has noted in a number of decisions that our authority to interfere with the conduct of a private religious institution is limited. For example, inAbyssinia Missionary Baptist Church v. Nixon,340 So.2d 746 (Ala. 1976), this Court stated:
 "A more accurate reflection of present Alabama law on this subject is found in In re Galilee Baptist Church, 279 Ala. 393, 186 So.2d 102
(1966); also involving a dispute between two opposing factions, and the alleged expulsion of the pastor at a congregational meeting. This court demonstrated it is proper for the courts to inquire whether a congregational meeting, at which church business is to be transacted, was preceded by adequate notice to the full membership, and whether, once called, the meeting was conducted in an orderly manner and the expulsion was the act of the authority within the church having the power to order it.
 "Once the court is presented with sufficient evidence regarding the regularity of the meeting, it will then generally refuse to inquire further as to the fruits of the meeting. As was stated in Galilee:
 " '* * * Spiritualities are beyond the reach of temporal courts, and a pastor may be deposed by a majority of the members at a congregational meeting at any time, so far as the civil courts are concerned, subject only to inquiry by the courts as to whether the church, or its appointed tribunal has proceeded according to the law of the church. * * *' "
In the instant case, the trial court determined that the fundamentals of due process had not been observed by the Church. Consequently, the trial court issued an order that would insure that reasonable notice of the time, place, and purpose of the Church meeting would be given and that the meeting would be conducted in an orderly manner. The trial court made no inquiry into the reasons why certain members were being expelled from membership.
In each Baptist church the majority of the members of the church control the business of the church. Williams v.Jones, 258 Ala. 59, 61 So.2d 101 (1952). Also, all the members of a Baptist church are entitled to vote at a congregational meeting, regardless of age. In re GalileeBaptist Church, 279 Ala. 393, 186 So.2d 102 (1966). However, the issue as to which members are eligible to vote is a matter within the discretion of the members of the church. Id. The defendants assert that the trial court exceeded its authority by requiring the plaintiffs and the defendants to provide the trial court with a list of Church members who are "qualified and eligible" to vote in an election. We find that the trial court merely requested that the members of the Church determine which members are "qualified and eligible" to vote; and that the trial court did not make that determination itself. Although the trial court stated that if a person's vote is challenged, it would, if necessary, determine the qualifications at a later date, we find that the *Page 840 
trial court has not, at this time, exceeded its authority.
As to the trial court's order of an accounting ofall Church funds, we find that it was the defendants who requested the accounting of all Church funds while asserting that the "Revitalization Committee" represented the true Church leadership and collected funds in the name of the Church. Accordingly, the defendants have no cause to complain when an accounting of the funds collected by the "Revitalization Committee" is ordered.
Based upon the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and HOUSTON, JJ., concur.