This appeal is from a judgment in which the trial court refused to act upon certain motions in litigation between members of the Mount Olive Baptist Church. We affirm.
The trial court's order contains a statement of the relevant facts of the cause as well as the reasons for its decision. We quote from that order:
 "This cause arises out of a dispute between members of the congregation of the Mount Olive Baptist Church. Upon petition the Court ordered that an election be held by the members of the congregation. At the election the votes of 35 individuals were challenged and not counted. The result of the ballots counted was a 74 to 74 tie. Plaintiffs have now petitioned the Court to order that the challenged votes be counted. The problem with this request is shown by paragraph 4 of the amended motion. That paragraph states:
 " '4. Based on the holding of the Alabama Supreme Court in the case of McKinney v. Twenty-Fifth Avenue Baptist Church, Inc., [514 So.2d 837] ([Ala.] 1987), and In re Galilee Baptist Church, 279 Ala. 393, 186 So.2d 102
(1966), this Court does not have the authority to determine which members are eligible to vote. Therefore, the ballots of all persons voting September 27, 1987, including the 35 challenged ballots, should be counted to determine the issues presented.'
 "If this Court ordered the challenged ballots to be counted, it would be determining that they were members who were eligible to vote. This it cannot do under the ruling in the McKinney case. *Page 973 
Plaintiffs argue that this leaves the Plaintiffs without redress in the Courts for even arbitrary acts of a preacher in either falsely challenging voters or intentionally bringing in non-members to vote. This is truly the result of the opinion in the McKinney case, but there is nothing this Court can do about it. The Plaintiffs' only recourse is to appeal this case and present their problem to the Alabama Supreme Court."
We agree with the trial court that the controlling authorities do not authorize courts to determine the eligibility of church members to vote, and that to order that certain votes be counted, which theretofore were not counted, would have been tantamount to doing that very thing,i.e., determining eligibility. McKinney v. Twenty-fifth AvenueBaptist Church, Inc., 514 So.2d 837 (Ala. 1987), and the legal authorities preceding it explore the long history of non-interference in spiritual matters by the courts. McKinney
itself encapsulates the precise question at hand, at 839:
 "In each Baptist church the majority of the members of the church control the business of the church. Williams v. Jones, 258 Ala. 59, 61 So.2d 101 (1952). Also, all the members of a Baptist church are entitled to vote at a congregational meeting, regardless of age. In re Galilee Baptist Church, 279 Ala. 393, 186 So.2d 102 (1966). However, the issue as to which members are eligible to vote is a matter within the discretion of the members of the church. Id. The defendants assert that the trial court exceeded its authority by requiring the plaintiffs and the defendants to provide the trial court with a list of Church members who are 'qualified and eligible' to vote in an election. We find that the trial court merely requested that the members of the Church determine which members are 'qualified and eligible' to vote; and that the trial court did not make that determination itself."
Because each Baptist church is a democratic institution whose membership possesses the right to vote, perforce it is the church itself under its rules that must examine the eligibility of its individual members to participate in that democracy.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.