STEAGALL, Justice.
Fourteen allegedly expelled members of the Mount Olive Baptist Church, Inc., appeal from an order of the Jefferson County Circuit Court denying their motion to intervene on behalf of the church in a lawsuit involving a dispute between the church’s pastor and nine other members of the church.[1] Henry L. Williams, Cora Glasper, Jake Glasper, Cleola Adams, Wiley Payne, Gerald Payne, John Pierce, Cint-hia Parks, Extra Bell Pierce, and Mary Ann Parks (hereinafter collectively referred to as “the Williams group”), filed a petition on November 8, 1988, in the circuit court, seeking injunctive relief based on harassment by Samuel Bell, Brownell Franklin, Reuben Freeman, Thomas Goins, Annie R. Hines, Roosevelt Hines, John L. Hum-phries, Armón Irons, Dorthy Irons, Ollis Irons, Jimmie McCoy, Ervie Odie, Jaqueline Rembert, and Robert J. Sturtmire (hereinafter collectively referred to as “the Bell group”).
This Court is familiar with the dispute between the members of the church’s congregation involving Williams as pastor. See Mount Olive Baptist Church v. Williams, 529 So.2d 972 (Ala.1988). In that case, this Court adhered to the long-established principle of “non-interference in spiritual matters by the courts.” Id. See, also, McKinney v. Twenty-Fifth Avenue Baptist Church, Inc., 514 So.2d 837 (Ala.1987). The present dispute concerns two segments of the congregation, each claiming that it had called for a congregational meeting, which each held separately, the Williams group voting to expel the Bell group, and the Bell group voting to terminate Williams as pastor of the church. As a result of the dispute, the Bell group attempted to prevent Williams from entering the pulpit. Williams prevailed, but was unable to conduct a service because of intentional disruptions caused by the dissenters. Protestors paraded in the church sanctuary, displaying signs expressing their dissatisfaction with Williams, and there was evidence of threatened violence against Williams. In response, Williams petitioned the circuit court for protection.
The trial court found that when the Bell group held a meeting and voted to terminate Williams as pastor, it did so in violation of the established bylaws of the church. The trial court also found that when the Williams group called a meeting and voted to expel the Bell group, it did so in full compliance with the established bylaws of the church. Therefore, the trial court held that the expulsion of the 14 members was lawful. In addition, the trial court made the following finding:
*618 “With respect to the motion to intervene, the persons purporting to authorize the intervention of the Mount Olive Baptist Church as a party are persons who were found by this Court to have been expelled from membership in the Church. They have no authority at this time to authorize an action to be brought on behalf of the Church.
“The motion to intervene filed by the defendants is hereby overruled.”
The only issue before this Court is whether the trial court erred in denying the motion to intervene. The members of the Bell group claim they were authorized by the church to file the motion to intervene.
First, we note that our review of the trial court’s ruling in this matter is governed by the familiar standard of the ore tenus rule. By that rule, the judgment of the trial judge in a nonjury case, based upon findings of fact made upon disputed evidence presented orally to the judge, is presumed to be correct and will be affirmed on appeal as long as “ ‘it is fairly supported by credible evidence under any reasonable aspect and is not palpably wrong or manifestly unjust.’ ” Charles Israel Chevrolet, Inc. v. Walter E. Heller & Co., 476 So.2d 71, 73 (Ala.1985) (quoting Whitt v. McConnell, 360 So.2d 336, 337 (Ala.1978)). See, also, Knox Kershaw, Inc. v. Kershaw, 552 So.2d 126 (Ala.1989).
Second, the granting or denying of a motion to intervene is within the discretion of the trial court, and, absent an abuse of discretion, this Court will not disturb the trial court’s ruling. Dearmon v. Dearmon, 492 So.2d 1004, 1007 (Ala.1986). See, also, Crossfield v. Allen, 494 So.2d 21 (Ala.1986).
The Bell group asserts that the church is entitled to intervene as a matter of right pursuant to Rule 24(a), A.R.Civ.P., which provides:
“(a) Intervention of right. Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties. ”
(Emphasis added.)
Under Rule 24, the leading inquiry is whether the church possesses a sufficient interest in the matter of the injunctive relief, action instituted by the Williams group. Randolph County v. Thompson, 502 So.2d 357 (Ala.1987). The trial court’s finding appears to indicate not only that the Bell group was not authorized to file the motion to intervene, but also that that group’s interest, as well as the church’s interest, was being adequately represented because that group was already involved in the suit.
Furthermore, the dispute involves a disagreement among the members of the congregation itself. The Bell group has failed to prove that a departure from the church’s doctrine has occurred or that any interference with the church’s property has occurred. Cf. Bailey v. Washington, 236 Ala. 674, 185 So. 172 (1938). The Williams group called a meeting in compliance with the church bylaws, and at that meeting the majority of the members of the church voted to retain Williams as pastor and to expel 14 of its members. “In a Baptist Church, the congregation rules. The majority of the members of the church control the business of the church, and the minority must submit to the will of the majority.” Abyssinia Missionary Baptist Church v. Nixon, 340 So.2d 746, 748 (Ala.1976) (citation omitted). See, also, Williams v. Jones, 258 Ala. 59, 61 So.2d 101 (1952). Because the record clearly supports the trial court’s findings, the trial court’s ruling was not error.
The judgment of the circuit court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.

. We note that a denial of a motion to intervene is an appealable order and, therefore, that this appeal is properly before this Court. Thrasher v. Bartlett, 424 So.2d 605 (Ala.1982). See, also, Dallas County Bd. of Educ. v. Henry, 507 So.2d 911 (Ala.1987).