These appeals involve a contentious and procedurally complex dispute between two factions of a once united church congregation, Mars Hill Missionary Baptist Church ("Mars Hill Missionary Baptist"). They arise out of an action filed by the church charging a chemical company, the Monsanto Corporation ("Monsanto"), with extensive contamination of the church site with polychlorinated biphenyl, or PCB. After the action was filed, Monsanto agreed to a settlement whereby Monsanto would give Mars Hill Missionary Baptist a new van and would pay $2.5 million to the church for it to finance the construction of a new sanctuary at a new location.
Some disgruntled members of the church formed an entity called the Mars Hill Baptist Church of Anniston, Alabama, Inc. ("Mars Hill Baptist"); that entity filed in the pending action a document styled "Petition in Intervention, Declaratory Judgment and Injunction." In that document, Mars Hill Baptist alleged that the deacons and pastor of the church had acted without legal authority when they retained counsel to represent the church to file the action against Monsanto, and were without authority to enter into the agreement settling the case. It based this allegation on a claim that the deacons and the pastor had been terminated from their positions by a majority of the church's members.
The trial court treated the document filed by Mars Hill Baptist as a motion to intervene in the pending action, and denied it. Mars Hill Baptist appeals from the *Page 977 
order denying its motion to intervene. It also purports to appeal from the final judgment entered by the trial court in the litigation between Mars Hill Missionary Baptist and Monsanto.
There are two issues before this Court. The first issue is whether Mars Hill Baptist's motion to intervene is barred by the doctrine of res judicata. Mars Hill Missionary Baptist argues that the merits of the petition had been adjudicated earlier when the trial judge, without holding a hearing, denied a prior motion by Mars Hill Baptist to intervene; Mars Hill Baptist did not appeal from the earlier order denying intervention, although it sought review of that order by filing a mandamus petition in this Court. The second issue is whether Mars Hill Baptist has standing to appeal from the judgment entered in the action against Monsanto, and, if so, whether the trial judge should have recused himself. We hold that the doctrine of res judicata bars the second motion to intervene, and that Mars Hill Baptist consequently lacked standing to appeal from the judgment entered in the Monsanto litigation and to raise the issue of recusal.
 Facts and Procedural History
Some of the facts are set out above, but additional facts are necessary to a complete understanding of what occurred in the case. As mentioned above, Mars Hills Missionary Baptist and Monsanto reached a settlement; three days later, they informed the court of that settlement. Mars Hill Baptist then filed its first motion to intervene, seeking a declaratory judgment and an injunction, based on its claim that the pastor, the board of deacons, and the attorney for Mars Hill Missionary Baptist had been dismissed and that all of them had acted without legal authority in negotiating the settlement. The motion did not contain a request for a hearing, and no hearing was held. On July 6, 1998, the trial judge denied the motion, finding that Mars Hill Missionary Baptist's pastor, deacons, and attorney properly represented the entire congregation. Mars Hill Baptist did not seek review of the order denying intervention.
On July 25, 1998, the trial court issued a final judgment in the Monsanto litigation, awarding Mars Hill Missionary Baptist $2.5 million and a church van upon the church's delivering to Monsanto good title to, and exclusive possession of, the contaminated property. Three days later, on July 28, 1998, Mars Hill Baptist petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying the motion to intervene and ordering the trial court to hold a hearing on that motion. This Court, without opinion, denied the mandamus petition on September 9, 1998, and denied rehearing on October 28, 1998. Ex parte Mars Hill Baptist Church (No. 1972160).
Before this Court acted on its mandamus petition, Mars Hill Baptist, on August 7, 1998, filed a second motion to intervene, again seeking a declaratory judgment and injunctive relief, based upon the same grounds it had asserted in its previous motion to intervene. The trial court held a hearing on the second motion, as requested by Mars Hill Baptist, and it denied the motion on September 8, 1998. Mars Hill Baptist now appeals, in case no. 1972232, from the September 8, 1998, order denying its second motion for intervention and in that case it also purports to appeal from the final judgment of July 25, 1998. In case no. 1980170, Mars Hill Baptist attempts to appeal from an order of the circuit judge refusing to recuse himself.
 Discussion
The dispositive issue before this Court is whether the doctrine of res judicata barred Mars Hill Baptist's second motion to intervene. For the doctrine of res judicata to apply, four elements must be satisfied: There must have been "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with the same parties, and (4) with the same subject matter presented in both actions." Smith v. Union Bank Trust Co., *Page 978 653 So.2d 933, 934 (Ala. 1995). Mars Hill Baptist argues that the denial of the first motion did not constitute a judgment on the merits of the second petition, although the grounds for the second motion were the same as those stated in the first one. Mars Hill Baptist makes this argument solely because the trial court denied the first motion without a hearing. We disagree with Mars Hill Baptist's argument.
The denial of a motion for permissive intervention or for intervention as of right is an adjudication disposing of a case or controversy. See Universal Underwriters Ins. Co. v. Anglen,630 So.2d 441, 443 (Ala. 1991) (holding that an order denying permissive intervention is appealable as a final order); Thrasherv. Bartlett, 424 So.2d 605, 607 (Ala. 1982) (holding that an order denying intervention as of right is appealable as a final order). Whether an order constitutes a ruling on the merits depends upon the scope of the court's inquiry as to the rights and obligations of the underlying dispute rather than upon the method employed by the court to determine the question:
 "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of the parties disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions. Key factors in determining whether a judgment may be considered as on the merits are that there have been notice and an opportunity to be heard. . . .
 "It is not necessary, however, that there should have been a trial. If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is on the merits, although there was no actual hearing or argument on the facts of the case."
50 C.J.S. Judgment § 728 (1997) (emphasis added). Where pleadings or other written attestations sufficiently and appropriately address an issue, that issue may be fully adjudicated on its merits without a hearing. Cf. Buck Creek Indus., Inc. v. AlconConstr., Inc., 631 F.2d 75 (5th Cir. 1980) (holding that a garnishment proceeding applying § 6-6-458, Ala. Code 1975, has a res judicata effect, despite the absence of a hearing, where the judge considers solely the pleadings).
Our examination of the record in this case convinces us that Mars Hill Baptist had the opportunity to fully present its position in the materials accompanying its motion to intervene, and that, in fact, it did so. In the motion itself, Mars Hill Baptist carefully explained why it believed it was a proper entity to file the motion and why it believed its interests would be adversely affected if the Monsanto litigation proceeded in its absence. Mars Hill Baptist even included an affidavit and exhibits in support of its motion to substantiate its claims. The information before the trial court was sufficient for the court to arrive at an informed decision when it denied the motion. It is irrelevant that the court's order does not include findings of fact and conclusions of law; the court is not required to make such findings and conclusions when it denies a motion to intervene. Universal Underwriters Ins. Co., 630 So.2d at 443.
Based on the record, we conclude that when the trial court denied the first motion to intervene it did so with an understanding of the arguments Mars Hills Baptist was presenting and that the ruling reached the merits of Mars Hill Baptist's contentions. Consequently, we conclude that all of the elements of the doctrine of res judicata had been met and, therefore, that the trial court properly denied the second motion to intervene.
While the doctrine of res judicata disposes of this case, we nonetheless explore, for the benefit of the parties, whether intervention could have been permitted in *Page 979 
this case, which involves a congregation divided by internal conflict.
We begin by noting that the trial court's ruling on a motion to intervene is a matter of discretion and will not be disturbed on appeal absent an abuse of that discretion. Valley Forge Ins.Co. v. Alexander, 640 So.2d 925, 927 (Ala. 1994). Having considered the record and the arguments of the parties in their briefs and at oral argument and assuming that the motion was not barred by the doctrine of res judicata, we are not convinced that the trial court abused its discretion when it denied the second motion to intervene.
Rule 24, Ala.R.Civ.P., governing intervention, reads in pertinent part:
 "(a) . . . Upon timely application, anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
"The purpose of Rule 24 is to anticipate future litigation, to discourage a multiplicity of lawsuits, and to relieve the intervenor from the possible prejudice of stare decisis in subsequent litigation involving the same questions of law and fact." Root v. City of Mobile, 592 So.2d 1051, 1053 (Ala. 1992).
The trial court held a lengthy hearing before entering its final order; at that hearing it heard oral testimony in order to determine whether Mars Hill Baptist was the proper authority representing the entire congregation. Consequently, because the trial court, without a jury, saw and heard witnesses, our review of the trial court's conclusions is governed by the ore tenus rule. Under this rule, findings of fact based upon oral testimony regarding disputed and material issues are presumed correct, and those findings will not be disturbed on appeal unless they are palpably wrong or manifestly unjust. Bell v. Williams,579 So.2d 616, 618 (Ala. 1991).
The trial court found that the pastor and the board of deacons were never removed from their positions in a manner consistent with the church's procedural customs. After carefully reviewing the record, we cannot conclude that that finding is clearly wrong. In view of that finding, we now consider whether Mars Hill Baptist, which is not the proper authority representing the entire church, has a legally protectible interest. Under our holding in Bell v. Williams, supra, it does not.
Like the present case, Bell v. Williams involved an internal church dispute. In that case, two competing factions within a church congregation became entangled in a power struggle. One group, referred to by the Court as the "Bell group," voted to terminate the pastor, while the other group, the "Williams group," voted to expel the Bell group. The Bell group at one time tried to prevent the pastor from taking the pulpit during a service. When the pastor fought through his opponents and began to deliver his sermon, the Bell group disrupted the service until the pastor could not continue. The Williams group asked for an injunction preventing any further disturbances. The Bell group filed a motion to intervene on behalf of the church.
The trial court denied the motion. It held that the action taken by the Williams group to expel the Bell group was proper, while the action taken by the Bell group to terminate the pastor was not. The court concluded that the Bell group, having been expelled from the church, had no authority to authorize an action to be brought on behalf of the church. In this Court's review of that case, this Court stated that "[u]nder Rule 24, the leading inquiry is whether the church possesses a sufficient interest in the matter of the injunctive relief action instituted by the Williams group." Bell, 579 So.2d at 618. This *Page 980 
Court agreed with the trial court's analysis that the Bell group was not authorized to file the motion to intervene and was therefore not entitled to relief. Id. Furthermore, this Court held that the Bell group's interest, as well as that of the church, was adequately represented because the Bell group was already involved in the action. Id. In the instant case, the trial court could have properly determined that the pastor and the board of deacons possessed the authority to govern the legal affairs affecting the Mars Hill Missionary Baptist congregation, which, we note, still includes the dissidents who organized Mars Hill Baptist. The trial court heard oral testimony regarding the effort to oust the pastor and the board of deacons and concluded that both retained their respective powers. Applying the ore tenus presumption, we cannot conclude that the trial court erred in holding that the pastor and the board of deacons were the proper representatives of the Mars Hill Missionary Baptist Church for purposes of conducting the Monsanto negotiations.
There is no material difference between the facts in Bell and the facts of the present case. The fact that in Bell the party seeking to intervene on behalf of the church was expelled from that same church is irrelevant insofar as the instant case is concerned. The Bell Court's opinion logically depends on the institutional authority of those who filed the motion to intervene, and the Court concluded that they had none.
Based on the foregoing, we could not reverse the trial court's finding that the disgruntled members of Mars Hill Missionary Baptist Church, who organized Mars Hill Baptist, never obtained the necessary authority to intervene on the church's behalf.
Before we decide the second issue, we must decide whether Mars Hill Baptist lacks standing to appeal the final judgment entered in the action against Monsanto.
The law in the area of standing for purposes of appeal is well settled. One must have been a party to the judgment below in order to have standing to appeal any issue arising out of that judgment. Triple J Cattle, Inc. v. Chambers, 621 So.2d 1221 (Ala. 1993). When a court denies a nonparty's motion to intervene in an action, that nonparty cannot appeal from the final judgment in the action because it never became a party to that action. Duncan v.First Nat'l Bank of Jasper, 573 So.2d 270, 273 (Ala. 1990).
The trial court denied Mars Hill Baptist's two motions to intervene, and we today uphold the trial court's ruling on the second motion. Consequently, Mars Hill Baptist never became a party to the action from which it has attempted to appeal, and it lacks standing to raise its second issue — whether the trial judge should have recused himself. Because of this holding, we need not reach the merits of this issue, but our examination of the record indicates that if Mars Hill Baptist could have raised this issue, we would have found it meritless.
Based on the foregoing, and after carefully considering the record, the briefs, and the arguments of counsel at oral argument, we conclude that the trial court properly denied the second motion to intervene, and we affirm its judgment as to that motion. We dismiss the appeal from the judgment in the litigation between Mars Hill Missionary Baptist and Monsanto.
1980170 — AFFIRMED.
1972232 — APPEAL DISMISSED.
Hooper, C.J., and Houston, See, Lyons, Brown, and Johnstone, JJ., concur.
Cook, J., concurs in the result.
England, J., recuses himself. *Page 981