THOMAS, Judge.
Lenward McClendon, Robert Bennett, Leroy Bennett, Eaph Woodson, and Lindsey May (hereinafter referred to collectively as “the contestants”) appeal from a summary judgment in favor of Harry B. Pugh entered by the Mobile Circuit Court. We affirm in part; reverse in part; and remand.

Facts and Procedural History

At the time the contestants filed their complaint in the trial court, they were Deacons of the Central Missionary Baptist Church (“the Church”). In their October 2, 2007, complaint, the contestants alleged that Pugh, the pastor of the Church, had mismanaged Church property and had misused Church funds by, among other things, using Church funds for his own personal gain. The contestants also alleged that Pugh had failed to comply with a subpoena duces tecum issued by the Mobile County District Attorney’s office requesting financial records of the Church and that Pugh had destroyed certain financial records of the Church. The contestants requested that the trial court issue a temporary restraining order enjoining Pugh from accessing any of the Church’s financial assets and freezing the disposition all Church property pending a hearing. The contestants also requested that the trial court order an accounting of the Church’s bank accounts from the time that Pugh gained control over the accounts, appoint a trustee to protect and preserve Church property, hold Pugh liable for any expenditures of Church funds that were not related to Church business, and order Pugh to comply with the subpoena duces tecum. Finally, the contestants requested that the trial court compel Pugh to resign as pastor.
In September 2007, before filing their complaint, the contestants, in their role as Deacons of the Church, passed a resolution discharging Pugh as the pastor of the Church. In response to the contestants’ resolution, Pugh called a meeting of the congregation to elect a new Board of Deacons. At the meeting, Pugh’s slate of proposed Deacons was elected and the contestants were voted off the Board. After a hearing, the trial court determined that the election of the new Board of Deacons had been conducted without sufficient notice and, thus, had not comported with the requirements of due process. The trial court ordered that the Church conduct a new election after giving proper notice to the congregation.[1] On October 12, 2008, the Church conducted a new election and Pugh’s slate of Deacons was again elected; none of the contestants remained a Deacon of the Church after the election.
On February 13, 2009, Pugh moved the trial court for a summary judgment on all the contestants’ claims. In his motion for a summary judgment, Pugh alleged that the Church had conducted a new election on October 12, 2008, that complied with the trial court’s previous order. Pugh also alleged that the remaining claims in the contestants’ complaint dealt with internal Church matters; therefore, Pugh alleged, they were outside the jurisdiction of the trial court. In their response to Pugh’s motion for a summary judgment, the contestants alleged that the issues in the case related solely to financial and property rights, not ecclesiastical or religious differences. Therefore, the contestants argued, *1240 the trial court had jurisdiction to consider the remaining claims in the contestants’ complaint.
The 'trial court entered a summary judgment in favor of Pugh on June 26, 2009. In entering its summary judgment, the trial court determined that the October 12, 2008, election comported with the requirements of due process. Thus, the trial court determined that the election of the new Board of Deacons was a valid election and that no genuine issue of material fact existed as to that issue. The trial court also determined that it did not have jurisdiction to consider the other claims raised by the contestants in their complaint because the claims concerned internal matters- of the Church. The contestants appealed to this court, and this court transferred the case to the Alabama Supreme Court for lack of subject-matter jurisdiction. Our supreme court transferred this case back to this court, pursuant to § 12-2-7(6), Ala. Code 1975.

Issues

The contestants raise two issues on appeal: (1) whether the trial court erred when it determined that it did not have jurisdiction to consider any issues in the case other than whether the October 2008 election had complied with the trial court’s previous order and comported with the requirements of due process and (2) whether the trial court erred when it determined that the October 12, 2008, election comported with the requirements of due process.

Standard of Review

“ ‘A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present “substantial evidence” creating a genuine issue of material fact — “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Ala.Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).’
“Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994).”
Alabama Elec. Coop., Inc. v. Bailey’s Constr. Co., 950 So.2d 280, 283 (Ala.2006). Whether a court has subject-matter jurisdiction is a question of law, which we review de novo. Ex parte Terry, 957 So.2d 455, 457 (Ala.2006).

Analysis

We are limited in our authority to interfere with the internal matters of a church. McKinney v. Twenty-fifth Avenue Baptist Church, 514 So.2d 837, 839 (Ala.1987). “As in the case with all churches, the courts will not assume jurisdiction, in fact has none, to resolve disputes regarding their spiritual or ecclesiastical affairs. However, there is jurisdiction to resolve questions of civil or property rights.” Abyssinia Missionary Baptist Church v. Nixon, 340 So.2d 746, 748 (Ala.1976) (citing Williams v. Jones, 258 Ala. 59, 61 So.2d 101 (1952)). The contestants argue that the trial court had *1241 jurisdiction to consider the relief requested in their complaint because, the contestants argue, the underlying dispute in this case concerns the financial affairs and property interests of the Church and does not involve any spiritual or ecclesiastical concerns.
The contestants rely on Yates v. El Bethel Primitive Baptist Church, 847 So.2d 331 (Ala.2002), in which the Alabama Supreme Court considered the question whether the courts had jurisdiction over a dispute between rival factions of a church. In holding that the courts had jurisdiction in that case, our supreme court noted that “ ‘the civil courts of this state have taken jurisdiction of disputes between factions of Baptist churches or of churches similarly governed on the ground that property or civil rights were involved.’ ” Yates, 847 So.2d at 336 (quoting Williams, 258 Ala. at 62, 61 So.2d at 104). Our supreme court went on to note that that case “began as one involving the finances, financial assets, and business of the Church, not any of its purely ecclesiastical or spiritual features, and those financial and business aspects of the Church have remained center stage throughout.” Id. at 336. Thus, the question whether the trial court had jurisdiction in this case to consider the contestants’ claims for relief is dependent on whether this case involves matters of spiritual or ecclesiastical concerns or if it involves matters of financial and property rights.
In this case, the contestants alleged that Pugh mismanaged the financial assets and the property of the Church. The contestants’ allegations that Pugh had used Church funds for personal gain, that he had mismanaged Church property, that he had destroyed church records, and that he had refused to comply with a subpoena duces tecum do not involve any ecclesiastical or spiritual matters. As in Yates, “neither side ... seeks to raise [theological] questions. They argue no issues of differences in religious faith or creed, and argue no spiritual conflicts, or ecclesiastical doctrine. Rather, the underlying dispute revolves around the property of the Church — control over its financial assets and affairs — and not God.” Id. at 346. Because this case does not involve any ecclesiastical or spiritual issues and is instead focused solely on issues involving the financial affairs and property rights of the Church, we hold that the trial court had jurisdiction to consider the merits of the contestants’ complaint.
The contestants next appear to argue, relying on Yates, supra, that trial court erred in determining that the October 12, 2008, election comported with the requirements of due process. However, insofar as they challenge the propriety of the October 12, 2008, election, the contestants have not alleged any factual basis on which this court could hold the trial court in error. Therefore, as the contestants have not provided any facts in support of their argument, the contestants have waived this argument and we need not further consider it. See White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008) (“Rule 28(a)(10)[, Ala. R.App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived.”).

Conclusion

We affirm the trial court’s summary judgment insofar as it determined that the election of the Board of Deacons comported with the requirements of due process. We reverse the trial court’s summary judgment insofar as it determined that the trial court did not have jurisdiction to consider the remaining claims of the contes *1242 tants, and we remand the cause to that court for it to consider the contestants’ remaining claims.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
PITTMAN and MOORE, JJ., concur.
THOMPSON, P.J., and BRYAN, J., concur in the result, without writings.

. The record does not contain a copy of the trial court's order directing the Church to conduct a new election.