PITTMAN, Judge.
 

 In January 2002, Bettye Keating (“the administratrix”), acting as the adminis-tratrix of the estate of Maurine Brinson, deceased (“the decedent”), sued several defendants in the Walker Circuit Court, alleging various claims stemming from the decedent’s death in an automobile collision involving her Toyota brand automobile. Among other things, the complaint stated products-liability claims against Toyota Motor Corporation and Toyota Motor Sales U.S.A., Inc. (“the Toyota defendants”), including claims that the automobile in which the decedent was traveling at the time of the collision was not reasonably safe for its intended purpose. The Toyota defendants answered and denied any liability to the administratrix.
 

 In February 2002, counsel for Toyota Motor Sales U.S.A. filed a motion for a protective order pursuant to Rule 26(c), Ala. R. Civ. P., stating that the action concerned the existence of a defect in a particular Toyota brand automobile and averring that “[ijrreversible prejudice” would result if the automobile were “sold, changed, altered, repaired, tested or disposed of’ before “disposition of the claims made by the [administratrix] against [that] [defendant.” The motion sought the issuance of an order “prohibiting the parties, the parties’ representatives, attorneys, agents, witnesses,
 
 or any other person
 
 from
 
 disposing of,
 
 selling, repairing, altering, changing, testing, or in any way materially affecting” the automobile (emphasis added). Later that month, the trial court granted the motion and entered a protective order that, among other things, prohibited “any other person or party ... from disposing of, selling, repairing, altering, changing, testing, or in any way materially affecting” the automobile. No review of that order was sought by any party. In March 2002, Toyota Motor Sales U.S.A. moved for an amendment of the protective order, stating that the automobile in question was in the custody of “non-parties” “McCollum Wrecker Service” and “Mr. Robert McCollum”; the trial court subsequently amended its protective order to expressly make that order “applicable to McCollum Wrecker Service and Mr. Robert McCollum, as well as any other individual or entity which may have possession of the” automobile. Again, no review of the order was sought.
 

 In December 2002, a “Statement of Mechanic Lien,” ostensibly made pursuant to Ala.Code 1975, § 35-11-210, was filed in the action by “McCollum Wrecker Service”; the lien statement claimed a lien against any judgments, settlements, and settlement agreements for reasonable charges incurred by the purported lien-holder in storing, from January 19, 2000, the Toyota Corolla automobile involved in the accident made the basis of the adminis-tratrix's claims. At that time, neither “McCollum Wrecker Service” nor any other person sought to intervene as a party to the action pursuant to Rule 24, Ala. R. Civ.
 
 *1285
 
 P., and the trial court took no action to unilaterally add any parties to the action at that time.
 

 In April 2003, the Toyota defendants jointly filed a motion in the trial court that, among other things, sought an order compelling Robert McCollum and “McCollum Wrecker Service” to allow inspections of the automobile at issue, averring that counsel for Robert McCollum and “McCol-lum Wrecker Service” had previously refused to make the automobile available for inspection because no storage fees related to the automobile had been paid. Although no written order granting that motion appears in the record, the trial court apparently ordered Robert McCollum and “McCollum Wrecker Service” to allow inspection of the automobile; the record contains a letter sent by counsel for Robert McCollum and “McCollum Wrecker Service” in which he requested that the court “reconsider its ruling on the motion” filed by the Toyota defendants because “Mr. McCollum is a
 
 nonpatty
 
 to this proceeding” (emphasis in original). There is no indication in the record that the requested reconsideration took place, nor was appellate review sought.
 

 In July 2004, the administratrix and all defendants in the case other than the Toyota defendants jointly filed a document labeled “Stipulation For Partial Dismissal” in which it was agreed that the administra-trix’s claims against the signatory defendants were due to be dismissed with prejudice. The trial court thereafter entered an order dismissing all claims except those pending against the Toyota defendants. That court further directed the entry of a final judgment as to the dismissed claims.
 
 See
 
 Rule 54(b), Ala. R. Civ. P.
 

 In August 2004, McCollum filed a motion requesting that the accrued storage fees for the subject automobile be either taxed as costs or taxed against the Toyota defendants.
 
 [1]
 
 However, McCollum did not request to intervene in the action or otherwise seek recognition as a party to the action between the administratrix and the Toyota defendants. The Toyota defendants filed a response in opposition to McCollum’s motion, asserting that McCol-lum was not a party, that his claimed storage fees were both statutorily unauthorized and greater than the fees generally charged in the local community, and that he was not entitled to a mechanic’s lien.
 

 Although McCollum’s motion and the Toyota defendants’ response were argued before the trial court in November 2004, the case lay dormant for over two years following that hearing. Finally, in March 2007, the case was set for trial. On May 8, 2007, the trial court entered an order denying McCollum’s motion concerning the taxation of storage fees. No further filings in the case occurred until July 2007, when counsel for the administratrix and counsel for the Toyota defendants filed a joint motion to dismiss the case; that motion was granted on August 7, 2008, and the case was dismissed with costs taxed as previously paid. However, two days after the entry of the judgment dismissing the case, McCollum filed a motion seeking relief from the judgment, averring that his attorney had not been informed of the May 8, 2007, order or of the July 2007 joint motion to dismiss; on August 28, 2007, McCollum filed another document objecting to the judgment of dismissal, again noting, in part, that the trial court’s amended protective order had been directed to “Robert McCollum and McCollum Wrecker Service, who were not a party
 
 *1286
 

 [sic
 
 ] to this action.” The administratrix and the Toyota defendants filed responses in opposition to McCollum’s filings, averring, among other things, that McCollum had not been a party to the action. Although the notice of appeal directed to the August 7, 2007, judgment that was filed by McCollum on September 18, 2007, indicates that the trial court denied the relief he had requested in his postjudgment filings, the record contains no copies of any order expressly denying that relief.
 

 In their appellate briefs, McCollum and the Toyota defendants have expressed disagreement concerning the fundamental issue of whether McCollum is a party with standing to appeal from the trial court’s judgment of dismissal in order to challenge the trial court’s failure to tax as costs the storage fees claimed by McCollum. We agree with the Toyota defendants that McCollum was not a party to the case in the trial court.
 

 Although McCollum argues for the first time on appeal that the amended protective order issued by the trial court in March 2002 “brought [him] under the court’s jurisdiction,” there is no indication in the record that the trial court ever took the additional step of joining McCollum as a plaintiff or a defendant or otherwise made him a
 
 party.
 
 McCollum asserted to the trial court that he was
 
 not
 
 a party on at least three occasions of record: at a hearing on May 1, 2004, in a letter to the trial court on May 8, 2004, and in a post-judgment filing on August 28, 2007. Furthermore, we note that Rule 26(c), Ala. R. Civ. P., plainly envisions a trial court’s authority to make orders that apply to nonparties in the discovery process because it states that a trial court may make “any order which justice requires to protect a party or
 
 person
 
 from annoyance, embarrassment, oppression, or undue burden or expense” and that a motion to obtain such an order may be filed “by a party or
 
 by the person
 
 from whom discovery is sought” (emphasis added). Thus, even assuming that McCollum’s argument that he was a party in the trial court may properly be considered by this court, the fact that the protective order as amended expressly extended to McCollum does not support the proposition that McCollum was added as a party.
 

 McCollum’s position in this case is substantially similar to that of appellant Boschert Merrifield Consultants, Inc., in
 
 Boschert Merrifield Consultants, Inc. v. Masonite Corp.,
 
 897 So.2d 1048 (Ala.2004). In that case, after a class of plaintiffs (represented by Judy Naef) had sued the manufacturer of hardwood home siding, the parties settled their dispute and, in their settlement agreement, designated a particular company as a “independent claims administrator” to “administer the relief’ provided for in the settlement agreement and provided for the appointment of a special master in the case.
 
 Id.
 
 at 1049. Soon thereafter, Boschert, a “claims service,” began marketing its services to the members of the plaintiff class, services that, in consideration of a fee payment, included offering an assessment of the success of potential claims, obtaining information necessary to submitting a claim to the administrator, and undertaking the administrative responsibilities incident to filing a claim. Subsequently, the special master entered two orders that directed Boschert to pay the manufacturer $100 per claim it filed on behalf of purported class members and to make restitution to the manufacturer as to various improperly submitted claims; in addition, the administrator ceased accepting claims filed by Boschert. The trial court declined to grant Boschert’s three motions seeking relief from the decisions of the special master and the administrator, certifying its decision as to those motions as
 
 *1287
 
 a final judgment. Boschert appealed from that decision to the Alabama Supreme Court.
 

 The Alabama Supreme Court, noting Boschert’s admission in the trial court that it was not a party to the action, agreed with the manufacturer’s position that Bosc-hert lacked standing to appeal:
 

 “ ‘Unless a person is a party to a judgment, he [cannot] appeal from that judgment. That fundamental principle is one of the oldest in Alabama jurisprudence.’
 
 Daughtry v. Mobile County Sheriffs Dep’t,
 
 536 So.2d 953, 954 (Ala.1988). ‘One must have been a party to the judgment below in order to have standing to appeal
 
 any issue
 
 arising out of that judgment.’
 
 Mars Hill Baptist Church of Anniston v. Mars Hill Missionary Baptist Church,
 
 761 So.2d 975, 980 (Ala.1999) (emphasis added [in
 
 Bosc-hert
 
 ]). See also
 
 Triple J Cattle, Inc. v. Chambers,
 
 621 So.2d 1221 (Ala.1993).
 

 “Boschert has never been a defendant, a representative, or a member of the plaintiff class in the Naef case. It is not an intervenor. Consequently, the notice of appeal filed by Boschert failed to invoke the appellate jurisdiction of this Court. For these reasons, the appeal must be dismissed.”
 

 897 So.2d at 1051-52.
 

 Similarly, McCollum, although the target of discovery and evidence-preservation orders in this case, never took the steps permitted by the Alabama Rules of Civil Procedure
 
 (see
 
 Rule 24, Ala. R. Civ. P.) to make himself a party to the judgment from which he has purported to appeal. He thus lacks standing to appeal from the judgment; therefore, we lack jurisdiction over the appeal and dismiss it
 
 ex mero motu. See
 
 Rule 2(a)(1), Ala. R.App. P. Because our conclusion that McCollum lacks standing to seek review of the trial court’s judgment is dispositive, we preter-mit consideration of whether McCollum may properly maintain an independent action against the administratrix and/or the Toyota defendants to recoup storage fees.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . In that motion, it was first revealed that "McCollum Wrecker Service” is a trade name under which McCollum does business rather than the name of a separate business entity.