14 So.3d 171 (2009)
B.V. and D.V.
v.
MACON COUNTY DEPARTMENT OF HUMAN RESOURCES.
2070785.
Court of Civil Appeals of Alabama.
January 30, 2009.
*172 Robert D. Drummond, Jr., Fairhope, for appellant.
W. Gregory Ward, Lanett, for appellee.
THOMPSON, Presiding Judge.
B.V. and D.V. appeal from an order of the Macon Juvenile Court (hereinafter "the trial court") dismissing their petition seeking custody of their foster child, J.C. ("the child").
In February 1990, the Macon County Department of Human Resources ("DHR") filed a petition in which it alleged that the child, who at that time was less than six months old, was a dependent child pursuant to § 12-15-1(10), Ala.Code 1975. On March 12, 1990, the trial court found the child to be dependent and placed the child in the custody of DHR. The child, who is severely disabled, was subsequently placed in foster care in the home of B.V. and D.V.
On April 7, 2000, B.V. and D.V. filed a motion to show cause as to why DHR should not be held in contempt based on what they alleged was DHR's negligent and willful conduct in providing inappropriate care for the child. They also filed a motion for an emergency dispositional hearing. DHR subsequently moved to dismiss B.V. and D.V.'s motion to show cause on the basis that B.V. and D.V. did not have standing to bring an action against DHR. In support of its motion, DHR cited § 12-15-65(a), Ala.Code 1975, which provides:
"foster parents who have been approved by the Department of Human Resources providing care to a child shall be given notice and an opportunity to be heard in any hearing to be held with respect to a child in their care, except that no such person shall be made a party to the case by virtue solely of such notice and opportunity to be heard."
The record indicates that, at a hearing on B.V. and D.V.'s motion to show cause, counsel for DHR argued, among other things, that B.V. and D.V. should be required to file a motion to intervene pursuant to Rule 24, Ala. R. Civ. P.; however, *173 B.V. and D.V. did not do so at that time. On May 18, 2000, the trial court dismissed B.V. and D.V.'s motion to show cause, finding that they lacked standing to prosecute the motion because they were foster parents. B.V. and D.V. did not seek appellate review of the trial court's decision to dismiss their motion to show cause.
On September 27, 2000, S.C., the child's maternal grandmother, filed a petition seeking custody of the child. Two months later, on November 30, 2000, B.V. and D.V. filed a petition seeking custody of the child. The record indicates that the November 30, 2000, custody petition filed by B.V. and D.V. was not verified, as required by § 12-15-52, Ala.Code 1975.[1] On the motion of B.V. and D.V., the trial court consolidated the two custody petitions and instructed counsel for the parties to notify the trial court once the matter was ready for trial. On January 3, 2001, DHR answered B.V. and D.V.'s custody petition.
On February 20, 2001, the trial court, apparently in response to a petition for emergency relief filed by B.V. and D.V., entered an order reaffirming the award of legal custody of the child to DHR.[2] The trial court further ordered that S.C. and B.V. and D.V. share physical custody of the child. On September 20, 2001, in response to a renewed motion for emergency relief filed by B.V. and D.V., the trial court ordered that the child remain in the physical custody of B.V. and D.V., pending a final hearing, and awarded S.C. scheduled visitation with the child. On December 6, 2001, DHR filed a motion for emergency relief seeking to change the child's placement and to place the child with S.C. pending a final hearing. The record indicates that the child had experienced behavioral problems while attending a public school in Baldwin County, the county in which B.V. and D.V. resided at the time, and that the Baldwin County School Board had advised DHR that it could no longer meet the child's needs in its special-educational program. The record reveals that the trial court did not rule on DHR's motion for emergency relief, and the child remained in the physical custody of B.V. and D.V. until the final hearing in this matter.
DHR, B.V. and D.V., and S.C. took no further action for a number of years. On January 19, 2007, DHR filed a motion requesting that the trial court return physical custody of the child to DHR. On March 27, 2007, the trial court entered the following custody order:
"The child is currently 17 years of age, and he was born with serious, permanent medical problems. Shortly after the child's birth, DHR filed a dependency petition, and the child was adjudicated dependent. The child has remained dependent from then until now. DHR held full legal custody of the child for most of the child's life. ...
"As part of a 2001 temporary agreement, the court agreed to allow [DHR, B.V. and D.V., and S.C.] to split custody with legal custody to be held by DHR and physical custody to be temporarily shared by [S.C.] and [B.V. and D.V.]. Until then, DHR had held full legal custody. That temporary agreement was to be in place only until the court could hear the pending custody petitions based on an emergency petition for relief filed by [B.V. and D.V.].

*174 "The conditions alleged in the emergency petition are no longer applicable to this case, and therefore, there is no longer any need for the temporary order. The pending custody petitions were set for trial on March 12, 2007. There is no longer any need for such a separation of legal and physical custody and, in fact, it was represented to the court that the separation has either caused or allowed problems. The court is also aware that under the statutory scheme, legal custody `vests in a custodian the right to have physical custody of the child and to determine where and with whom the child shall live ....' along with other duties and responsibilities. Ala.Code [1975,] § 12-15-1(17). It is clearly in the child's best interest that full legal custody as defined in Ala. Code [1975,] § 12-15-1(17) be held solely by DHR, and that is so ordered effective immediately. The court announced this order in open court and there was no objection by any party."
The trial court further stated that it "continued the petitions for custody by the child's family and the foster family" and stated that it would reset those petitions for a hearing upon a motion filed by any party.
On March 17, 2008, DHR filed a motion to dismiss B.V. and D.V.'s November 30, 2000, custody petition. In its motion to dismiss, DHR argued, among other things, that B.V. and D.V. lacked standing to petition for custody of the child and that, therefore, the trial court was without jurisdiction to consider the custody petition filed by B.V. and D.V. On May 8, 2008, the trial court entered an order granting DHR's motion to dismiss. In its order, the trial court questioned whether B.V. and D.V. had standing to bring a petition for custody, and it found, in pertinent part, that B.V. and D.V. had failed to file a motion to intervene in the dependency action. B.V. and D.V. timely appealed.
On appeal, B.V. and D.V. contend that the trial court erred when it dismissed their petition for custody on the basis that B.V. and D.V., as foster parents, were precluded from petitioning for custody of the child. In response, DHR contends that B.V. and D.V. failed to intervene in the dependency proceeding, and, therefore, that they were without standing to seek custody.
Rule 24, Ala. R. Civ. P., which governs intervention, states, in pertinent part:
"(a) Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common....
"(c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5[, Ala. R. Civ. P.]. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."
(Emphasis added.)
The record on appeal contains no motion to intervene filed by B.V. and D.V. *175 in the dependency proceeding. Although the record indicates that the trial court treated an earlier pleading as a motion to intervene by B.V. and D.V., the record reveals that the trial court denied B.V. and D.V.'s purported request to intervene. B.V. and D.V. did not appeal the denial of their purported motion to intervene. See Mars Hill Baptist Church of Anniston, Alabama, Inc. v. Mars Hill Missionary Baptist Church, 761 So.2d 975 (Ala.1999) (recognizing that the denial of a motion for permissive intervention or for intervention as of right is an adjudication of a case or controversy and, therefore, appealable as a final order).
B.V. and D.V. cite this court's decisions in S.P. v. E.T., 957 So.2d 1127 (Ala.Civ. App.2005), J.P. v. S.S., 989 So.2d 591 (Ala. Civ.App.2008), and J.W. v. N.K.M., 999 So.2d 526 (Ala.Civ.App.2008), in support of their contention that any person is permitted to petition a juvenile court regarding custody of a child who is otherwise properly within the jurisdiction of the juvenile court. In S.P. v. E.T., supra, the child's paternal aunt and the child's foster mother petitioned for custody of the child, but they did so only after moving the juvenile court to intervene in a dependency proceeding initiated by the State DHR. The juvenile court subsequently granted the paternal aunt's and the foster mother's petitions to intervene. Likewise, in J.P. v. S.S., supra, the child's aunt and uncle moved to intervene in a dependency action and filed a petition seeking custody of the child; the juvenile court granted the motion to intervene. In J.W. v. N.K.M., supra, the child's great-aunt initiated a dependency proceeding and also sought an award of custody of the child. Unlike the parties in S.P. v. E.T. and J.P. v. S.S., the record contains no motion filed by B.V. and D.V. to intervene in the dependency proceeding, nor did B.V. and D.V. initiate a dependency proceeding as did the great-aunt in J.W. v. N.K.M.
B.V. and D.V. failed to successfully intervene in the instant case, and, therefore, they are not parties in this case.
"`Unless a person is a party to a judgment, he can not appeal from that judgment. That fundamental principle is one of the oldest in Alabama jurisprudence.' Daughtry v. Mobile County Sheriff's Dep't, 536 So.2d 953, 954 (Ala. 1988). `One must have been a party to the judgment below in order to have standing to appeal any issue arising out of that judgment.' Mars Hill Baptist Church of Anniston v. Mars Hill Missionary Baptist Church, 761 So.2d 975, 980 (Ala. 1999) (emphasis added)."
Boschert Merrifield Consultants, Inc. v. Masonite Corp., 897 So.2d 1048, 1051-52 (Ala.2004). B.V. and D.V. lack standing to appeal from the trial court's judgment. As a result, the notice of appeal filed by B.V. and D.V. failed to invoke the appellate jurisdiction of this court and we must dismiss the appeal. McCollum v. Keating, 5 So.3d 1283 (Ala.Civ.App.2008).
B.V. and D.V. also contend on appeal that their failure to verify the November 30, 2000, custody petition did not deprive the juvenile court of jurisdiction. Because we are dismissing the appeal on the basis that the juvenile court lacked jurisdiction to consider the petition, we need not address this issue.
APPEAL DISMISSED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.
NOTES
[1] Section 12-15-52(b), Ala.Code 1975, provides, in pertinent part, that "[a] petition [filed in the juvenile court] ... shall be verified by the person who signs it."
[2] A copy of the B.V. and D.V.'s petition for emergency relief is not included in the record on appeal.